JOHN R. GATELEY V. LAYTON HUMPHREY ET UX.

No. A-3725. Decided December 3, 1952.
(254 S. W., 2d Series, 98.)

*O'Connor & Douglas,* of Dallas, for appellant.

*Larry DeBogory* and *Golden, Croley & Howell,* all of Dallas, for appellees.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This case originated in the Dallas County Court at Law No. 2 and reaches this Court on a certificate of dissent.

The certificate contains the following recitation of facts:

"Appellant's suit in trial court was for a balance due of $550 for services rendered and material furnished in an interior decorating job on defendants' home; suing also for $250 as attorney's fees. Defendants answered by general denials and cross action, alleging that the work as performed was incomplete and unsatisfactory. The jury in verdict found that plaintiff was due $550 as prayed; fixed $250 as a reasonable attorney's fee, and that $200 was reasonable compensation to defendants because of Gateley's failure to properly complete the work contracted for. It is not disputed that plaintiff made demand on Humphrey for the above mentioned balance and four days thereafter filed this suit; the trial court finding that plaintiff was not entitled to statutory attorney's fees because of non-compliance with the provisions of Art. 2226, requiring a thirty-day interval between presentation of claim and institution of suit. In this connection the net recovery of plaintiff was $350 (the amount remaining after credit of $200 due defendants on their cross action."

The Court of Civil Appeals points out in its certificate that appellant contends that he is entitled to recover his attorney fees inasmuch as payment of his claim was not made within thirty days of presentation of his claim and that appellees contend that appellant is not entitled to recover his attorney's fees because he did not delay the filing of his suit for thirty days after presentation of his claim. The court then states that a majority of the court agree with appellees but that the Chief

Justice agrees with appellant and the court certifies the following question:

"Question

"After the adoption by the Legislature in 1949 of H.B. No. 494, amending Article 2226 of the Revised Civil Statutes of Texas, 1925, is Appellant, who has a claim for personal services rendered and material furnished, still required to allege and prove, as under said Article before the amendment, that thirty (30) days have intervened between the time of presentation of his claim and the institution of suit for its collection, before he can recover attorney's fees?"

In developing our answer to the question certified we have had the benefit of the two opinions prepared by members of the Court of Civil Appeals as well as the briefs of the parties.

The forerunner of what is now Article 2226, Revised Civil Statutes, was first enacted by the Legislature in 1909 and was carried into the Revised Statutes of 1911 as Article 2178. As first enacted and as appearing in the 1911 statutes, the Article provided that one having certain types of claims against another might present the same to such other "and if at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court, and if he shall finally establish his claim, and obtain judgment for the full amount thereof, * * * he shall be entitled to recover the amount of such claim and all costs of suit, and in addition thereto a reasonable amount as attorney's fee, provided he has an attorney employed in the case, not to exceed twenty ($20.00) dollars * * *." The act was held constitutional by this Court in the case of Missouri K. & T. Ry. Co. v. Mahaffey, 105 Texas 394, 150 S. W. 881, and by the Supreme Court of the United States in the case of Missouri K. & T. Ry. Co. v. Cade, 233 U.S. 642, 34 Sup. Ct. 678, 58 L. Ed. 1135, but because of a limitation in the caption it was held to apply only to claims not in excess of $200. In 1923 the statute was amended by act of the Regular Session of the 38th Legislature so as to apply its provisions to claims for lost or damaged express, not theretofore included, but the provisions heretofore quoted were left undisturbed.

In 1949 the Article was again amended, Acts 51st Legislature, p. 915, ch. 494, §1, this time in certain material respects. As now appearing in our statutes the Article provides that a

person having certain types of claims against another may present the same to such other, "and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof * * * he may also recover, in addition to his claim and costs, a reasonable amount of attorney's fees, if represented by an attorney." It is obvious that the 1949 amendment removed the limitation of $20.00 theretofore placed on the fees to be recovered and that it allowed, for the first time, a recovery of attorney's fees and costs if the plaintiff recovered judgment for "any amount" of his claim as presented. But the amendment did more than this; it eliminated entirely from the Article the phrase "he may immediately institute suit thereon in the proper court" thereby completely changing the context of the clause heretofore quoted. Whereas before the 1949 amendment the clause authorized the claimant to "immediately institute suit" and to recover attorney's fees therein if his claim was not paid within thirty days after the presentation thereof, the clause, after the 1949 amendment, simply authorizes a recovery of attorney's fees and costs if the claim is not paid within thirty days after presentation. Thus the language of the Article as it now exists is plain and seems clearly to authorize the recovery of attorney's fees if a claim is not paid within thirty days of presentation, and this wholly without reference to whether or when suit is filed. The language being plain and clear it ought to be given effect as written. Simmons v. Arnim, 110 Texas 309, 220 S.W. 66; Texas Highway Commission v. El Paso Bldg. & Const. Trades Council, 149 Texas 457, 234 S.W. 2d 857; Col-Tex. Ref'g. Co. v. Railroad Commission of Texas, 150 Texas 340, 240 S.W. 2d 747.

The appellee contends that in arriving at an answer to the question we should consider the history of the Article and this view was adopted by the majority of the Court of Civil Appeals. Even if the language of Article 2226 as it now exists did not seem plain to us and we felt it proper to look to its history to arrive at its meaning we would yet reach the same result.

1  Prior to the 1949 amendment it was held in the case of Burlington, R. I. Ry. Co. v. McCartney, Tex. Civ. App., 54 S.W. 2d 837 (no writ history) that "in order to recover the attorney's fees provided for in Article 2226, it is necessary for the plaintiff to allege and prove that he presented his claim to defendant at least thirty days prior to the filing of the suit, and that the defendant failed to pay same." Presumptively with

full knowledge that this judicial interpretation had been placed upon the language of the Article, the Legislature took out of it the phrase "he may immediately institute suit thereon in the proper court," a phrase absolutely vital to the judicial decision. Under settled rules of statutory construction the court is obligated to give effect to this legislative change and modification of the statute. Vaughn v. State, 86 Texas Crim. Rep. 255, 219 S.W. 206; Robison v. Whaley Farm Corp., 120 Tex. 633, 37 S.W. 2d 714, on rehearing, 40 S.W. 2d 52; Putman Supply Co. v. Chapin, Tex. Civ. App., 45 S.W. 2d 283, aff., 124 Texas 247, 76 S.W. 2d 469; 39 Tex. Jur., p. 241, §128; 59 C.J., Statutes, §647, p. 1097. In the case of San Marcos Baptist Academy v. Burgess, Tex. Civ. App., 292 S.W. 626, (no writ history) in speaking of an omission of material language in an amended and re-enacted statute, the court said: "Ordinarily, the mere fact that significant words are omitted from the re-enactment or amendment of a statute imports a conclusive presumption that the Legislature intended to exclude the object theretofore accomplished by the abandoned words."

We answer the certified question "No".

2 Our holding here is to be distinguished from our recent holding in the case of Maryland Casualty Co. v. Lewis, 151 Texas 480, 252 S.W. 2d 155. The statue involved in that case governed the time of filing suit as did the statute here before its amendment in 1949.

Two other questions are contained in the certificate forwarded by the Chief Justice of the Court of Civil Appeals but they are not answered for two reasons: 1. They are not presented by the Court but are presented by the Chief Justice individually. Rules 463 and 476, Texas Rules of Civil Procedure, authorize the Supreme Court to decide and answer only those questions of law certified by a Court of Civil Appeals. 2. The questions are conditioned upon an affirmative answer to the first question and we have answered the question in the negative. The questions propounded by the Chief Justice are therefore rendered immaterial by our answer to the first question and pass out of the certificate. Hurt v. Cooper, 130 Texas 433, 110 S.W. 2d 896.

Opinion delivered December 3, 1952.

NOTE: For opinion of Court of Civil Appeals, in accordance with answer of Supreme Court, see 254 S.W. 2d 571.