

# THE ATTORNEY GENERAL

# OF TEXAS

**WAGGONER CARR**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

June 15, 1966

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C-709

Re: Whether a school district
(Bay City I.S.D.) is
eligible for a refund
under Article 4054, Ver-
non's Civil Statutes
(Which refers to Article
4053d) on shell purchased
and used for building
roads around its high
school property pursuant
to contract.

Dear Dr. Edgar:

You have requested the opinion of this office on the
above stated matter. We quoted from your letter:

"In the summer of 1965, the Bay City
Independent School District built roads
around and adjacent to its high school prop-
erty. Shell was contracted and purchased
from the Matagorda Shell Company in Matagorda
in the amount of $9684.80 and used therefor.

"In March 1966, the school district filed
application with Texas Parks and Wildlife
Department for a Sand, Shell and Gravel Refund
Claim in the sum of $632.70 (about 15%) pur-
suant to Article 4054 and/or 4053d.

"On March 7, 1966, said Department advised
the school district in substance that Article
4054 authorizes such refunds to counties, cities
or subdivisions of the county--that an independent
school district is not eligible under the law
therefor."

We have been advised by the Parks and Wildlife Com-
mission that such interpretation and construction has been

-3423-

consistently heretofore applied for over thirty-five (35) years.

It has long been held that the courts will ordinarily adopt and uphold a construction placed on a statute by a department charged with its administration unless the construction so given is unreasonable. It is our opinion that this departmental construction is in line with the plain and unambiguous language of the statutes in question.

Article 4053d, Vernon's Civil Statutes, authorizes the Commissioner to sell marl, gravel, sand, shell or mudshell upon such terms and conditions as he may deem proper but for not less than four cents (4¢) per ton. This Article further provides for the payment of refunds to counties, cities or towns or any political subdivision of a county, city or town as provided in Article 4054, Vernon's Civil Statutes. In addition, it provides specific authorization for the payment of refunds to the State Highway Commission.

Article 4054 provides as follows:

"If any county, or subdivision of a county, city or town should desire any marl, gravel, sand, shell or mudshell included in this chapter for use in the building of any road or street, which work is done by said county, or any subdivision of a county, city or town, such municipality may be granted a permit without charge and shall have the right to take, carry away or operate in any waters or upon any islands, reefs or bars included herein; such municipality to do the work under its own supervision, but shall first obtain from the Commissioner [1] a permit to do so, and the granting of same for the operation in the territory designated by such municipality shall be subject to the same rules, regulations and limitations and discretion of the Commissioner as are other applicants, and permits. When such building of roads or taking of such products is to be done by contract, then the said municipality may obtain a refund from the Commissioner of the tax levied and collected on said products as fixed by the Commissioner at the time of the taking

---

[1] Office of Commissioner abolished and powers and duties conferred on Game, Fish and Oyster Commission, see Vernon's Penal Code, Article 978f. NOTE: Now Parks and Wildlife Commission, Article 978f-3a, Vernon's Penal Code.

thereof, by warrant drawn by the Comptroller upon itemized account sworn to by the proper officer representing such municipality and approved by the Commissioner, and under such other rules and regulations as may be prescribed by the Commissioner." (Emphasis added)

It is noted that nowhere do the statutes here under consideration refer to an independent school district. Likewise it is clear that an independent school district is neither a county, city or town nor is it a political subdivision of a county. 51 Tex.Jur.2d 345, Schools, Secs. 14 and 16.

We are of the opinion from the reading of the above mentioned statutes that the language used is plain and unambiguous in its meaning and in such case the law will be applied as it reads. Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037 (1916); Vaughan v. Southwestern Surety Insurance Co., 109 Tex. 298, 206 S.W. 920 (1916); Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66 (1920); Gately v. Humphrey, 151 Tex. 588, 254 S.W.2d 98 (1952).

Furthermore, the courts have held that school districts are subdivisions of the state government, created for the purpose of administering the state's system of public schools. Love v. Dallas, 120 Tex. 351, 40 S.W.2d 20 (1931); Dupuy v. State, 106 S.W.2d 287 (Tex.Crim. 1937); Lee v. Leonard Ind. School Dist., 24 S.W.2d 449 (Tex.Civ.App. 1930, error ref.).

You are therefore advised that it is our opinion that Bay City Independent School District is ineligible for a refund under Article 4054 on shell purchased under contract for use in building roads around its high school property.

### S U M M A R Y

The Bay City Independent School District is ineligible for a refund under Article 4054, Vernon's Civil Statutes, on shell purchased under contract for use in building roads around its high school property.

Very truly yours,

WAGGONER CARR
Attorney General

By: J. Phillip Crawford
Assistant

JPC:mh:mkh

Hon. J. W. Edgar, page 4 (C-709)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Wade Anderson
Ben Harrison
Kerns Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright