

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 28, 1966

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C-628

Re: Whether Article 8309e-1,
V.C.S. has permissive
application to a county-
line independent school
district under the juris-
diction of a county having
population of 1,200,000
or more (the major portion
of its territory being
located therein) and

Dear Dr. Edgar:

alternative question.

You have requested an opinion of this office on the
following questions:

"(1)  Does Article 8309e-1 have permissive
application to a county-line independent school
district under the jurisdiction of a county
having population of 1,200,000 or more (the major
portion of its territory being located therein)?

"(2)  If (1) is answered affirmatively:
Must the workmen's compensation law, if adopted,
be made available to all of the employees of the
independent school district; can it be for selected
employment groups?"

Article 8309e-1, Vernon's Civil Statutes, provides in
part as follows:

"Sec. 1.  In all counties having a population
of . . . (1,200,000) or more, all independent
school districts <u>located therein</u> are hereby
permitted and authorized to provide insurance
for all employees of such independent school
districts, such power and authority to be

exercised in accordance with the provisions of Article 2809c . . . as it now exists or as it may be hereafter amended . . .

"Sec. 2. The Board of Trustees of any such independent school district may, by an order or resolution duly adopted and entered in its minutes, adopt the provisions of Article 2809e . . ., and may by the terms of such order or resolution make all the provisions of said Article . . . applicable to such school districts and its employees . . ." (Emphasis added).

In your letter, you state the pertinent facts to be as follows:

"Goose Creek Consolidated Independent School District is a county-line district under the jurisdiction of Harris County, a county having more than 1,200,000 population. The larger part of its territory is in Harris County, the remainder extends into Chambers County. Its Board of Trustees is currently studying the possibility of adopting the provisions of Article 8309e-1. Because of the wording in Section 1 thereof, the Board is concerned whether the law's application is limited to independent school districts that are wholly 'located therein' such a bracketed county or likewise is applicable to a county-line independent school district, when the major portion of its territory is located within such county."

Article 8309e-1, Vernon's Civil Statutes, in part reads:

"Sec. 1. In all counties having a population of . . . (1,200,000) or more, all independent school districts located therein are hereby permitted and authorized . . ." (Emphasis added).

We are of the opinion from the reading of the above provision, that the language used is plain and unambiguous in its meaning and in such case the law will be applied and enforced

as it reads, regardless of policy, fairness or justice of its effects. Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037 (1916); Vaughan v. Southwestern Surety Insurance Co., 109 Tex. 298, 206 S.W. 920 (1916); Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66 (1920); Gately v. Humphrey, 151 Tex. 588, 254 S.W.2d 98 (1952).

"Located" as defined in Black's Law Dictionary, 4th Edition, refers to "situs, placed in a particular spot or fixed position", while "therein" is defined in Black's as meaning "in that place". See also 25 Words and Phrases 257, "located" and 41A Words and Phrases, page 18, "therein".

Taken together, the phrase "located therein" means placed or fixed in a particular position or spot and under grammatical construction refers back to and modifies "counties" (county of 1,200,000), thus giving the clear meaning that in order for Article 8309e-1 to be permissively operative, the subject school district must be wholly located or situated in the terri- torial limits or boundaries of a county of 1,200,000 or more population.

Had the Legislature in enacting Article 8309e-1 in- tended to impart a different meaning from the one which we reach herein and intended to make provisions for county-line districts, it could easily have done so by using language similar to that used in Article 2815g-1c, Vernon's Civil Statutes, or other lan- guage conveying such meaning. Article 2815g-1c was enacted at the same session of the 59th Legislature at which Article 8309e-1 was passed. The portion of Article 2815g-1c pertinent hereto reads as follows:

". . . any school district, . . . having all or the major portion of its territory situated within a county having a population of more than . . . (1,200,000) . . ." (Emphasis added).

The Legislature clearly demonstrated in enacting Article 2815g-1c that it could use language which would make a statute applicable to a county-line district when it desires or intends to do so.

Similarly convincing is the interpretation placed on Article 2775a, Vernon's Civil Statutes (Attorney General's

Opinion WW-1434 (1962)), wherein the Legislature was dealing with county-line districts. A copy of this opinion is enclosed herewith. The Legislature is presumed to have acted carefully, deliberately, intelligently, openly and purposefully in the choice of the language used, especially after similar language has been earlier interpreted. See 53 Tex.Jur.2d 270.

We answer your first question in the negative and express no opinion on your second question, as such question was predicated on an affirmative answer to your first question.

We therefore hold that Article 8309e-1, Vernon's Civil Statutes, does not have permissive application to a county-line independent school district under the jurisdiction of a county having a population of 1,200,000 or more unless such district is wholly located or situated in such county.

### SUMMARY

Article 8309e-1, Vernon's Civil Statutes, does not have permissive application to a county-line independent school district under the jurisdiction of a county having a population of 1,200,000 or more unless such district is wholly located or situated in such county.

Yours very truly,

WAGGONER CARR
Attorney General

By: J. Phillip Crawford
J. Phillip Crawford
Assistant

JPC:sj:ra

Hon. J. W. Edgar, page 5 (C-628)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
John Banks
James Strock
Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
BY:   T. B. Wright