Cole Thomson, Boone, Davis, Cox & Hale, Corpus Christi, for appellant.

Noe Garza, Corpus Christi, for appellee.

## OPINION

TIREY, Justice.

Renfro brought this action for the recovery of the reasonable value of materials and services he furnished under sub-contract to install an air conditioning system in a motel. The defendant filed cross-action for damages.

The jury found that the total value of the materials furnished by Renfro on the job to be $4151.00; that he was proceeding with due diligence under the circumstances in installing the equipment; that the work was done in a good and workmanlike manner; that the reasonable cost of the completion of the work and material was $2500.00; that the reasonable attorney's fees for the plaintiff were $1500.00.

The court in its judgment found that by agreement of the parties defendant should be given credit for the amount of $2800.00 which he advanced to the plaintiff prior to the institution of the suit; the court further found that plaintiff is entitled to judgment against the defendant in the amount of $1351.00 for material, supplies, equipment and labor which plaintiff furnished to defendant; and further found

the plaintiff was entitled to $1500.00 attorney's fees, and that the plaintiff should have judgment for the gross amount of $2851.00 and decreed accordingly.

The judgment is assailed on seven points:

Point 1 is to the effect that there is no evidence to support the jury's answer to Special Issue No. 1. We overruled this point on the ground that the evidence tendered is ample to support the jury's verdict on this issue, as well as each of the other issues submitted to the jury.

For the same reason Point 2 is overruled.

Point 3 is to the effect that the court erred in rendering judgment for attorney's fees, in that there is no evidence that plaintiff ever gave the 30 days' notice required by Article 2226, Vernon's Ann.Civ. St. We overrule this point on the authority of the Supreme Court stated in Gateley v. Humphrey, et ux., 151 Tex. 588, 254 S.W. 2d 98. We are of the further view that there is evidence that plaintiff gave 30 days' notice required by Article 2226.

We have considered Point 4, and it is overruled.

Point 5 has been considered and overruled.

Point 6 has been considered and overruled.

Point 7 has been considered and overruled.

Perhaps we should state that testimony was tendered to the effect that plaintiff was actually "kicked off" of this job without any excuse whatsoever; that when he was taken off the job all of the material was on the job except some pipe that would have been needed later on, but that the only equipment that was not there was the large unit for the office he had not been able to get. This unit was, however, sent later after plaintiff was pulled off the job. Evidence was also presented that plaintiff could have finished the work in two to four weeks. We think that the evidence supports the verdict of the jury and that it would be of no precedential value to comment further upon the same.

The judgment decreed that J. R. Renfro, d/b/a Renfro Engineering Company recover $2851.00 against Aransas Natural Gas Company, and assessed all costs against defendant.

The judgment of the trial court is affirmed.