**W. G. TUFTS AND SON et al.,**
**Appellants,**

**v.**

**HERIDER FARMS, INC., Appellee.**

**No. 645.**

Court of Civil Appeals of Texas,
Tyler.

Aug. 31, 1972.

Rehearing Denied Oct. 5, 1972.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Ralph M. Zeleskey, Lufkin, for appellants.

Fairchild, Hunt & Price, Robert L. Fairchild, Center, for appellee.

McKAY, Justice.

Appellee, Herider Farms, Inc., (hereinafter called Herider) brought suit against appellants W. G. Tufts and Son (hereinafter called Tufts), and Granville Battles for damages for the loss of 24 head of cattle and diminution in value of 12 others, for loss of hay, services of a veterinarian, damages to land and attorney's fees. Trial was before a jury and judgment was rendered on the verdict for Herider in the sum of $16,585.00. Tufts brings this appeal on twelve points.

This case was heretofore before this court on a venue question, and the opinion is found in Tex.Civ.App., 461 S.W.2d 257. We refer to that opinion for a full statement of the facts, but we point out here any differences or additions.

Herider's pleading consisted of allegations of express and implied warranty as well as common law negligence, and the court submitted issues [1] to the jury on all

---

1. Jury findings were substantially as follows:

    (1) Battles represented to Herider that weed killer offered for sale by Tufts was 2–4–D, the same stuff Herider was using under a different label.

    (2) Battles had apparent authority from Tufts to make said representation.

    (3) That when Battles made such representation he knew weed killer would be sprayed on Herider's pasture land.

theories. Tufts and Battles defended on the ground that they did not know that Herider intended to spray the weed killer on pasture land to be grazed by cattle, and upon the further ground that Herider's employees, Miller and Goings, each was negligent in not reading and heeding the label on the container, and that Goings was also negligent in failing to instruct another employee, Bailey, to read and follow instructions on the label. Bailey was also alleged to be negligent in failing to heed the warning on the label and to notify his superiors that the weed killer was poisonous to cattle.

■ Appellant's first four points maintain that the trial court erred because the jury found Herider guilty of contributory negligence, and that the jury found that the negligence of Miller and of Goings was, each separately, a proximate cause of the damage to Herider. The trial court apparently disregarded the negligence issues as well as the contributory negligence findings and rendered judgment on the warranty theory and findings. "Where * * * several theories of recovery are pled, and the evidence is conflicting but is sufficient to raise a question of the existence of any or all of the theories, it is proper to submit issues to the jury on all theories raised. The court will then get a verdict and render judgment on the proper theory as found by the jury." Montclair Corporation v. Earl N. Lightfoot Paving Co., 417 S.W.2d 820 (Tex.Civ.App., Houston 1st, 1967, writ ref., n. r. e.). Points 1 through 4 are overruled.

Points 5 through 10 complain of the judgment being based upon issues 7 and 9 because appellants say there is no evidence or insufficient evidence to support the jury findings of proximate cause or that such findings of proximate cause are against the overwhelming weight and preponderance of the evidence. The jury found in 6 that Battles' representation was negligence and in 7 that such negligence was a proximate cause of Herider's injury; and the jury found in 8 that Tufts' causing delivery of the weed killer was negligence, and in 9 a proximate cause of the damage. These issues of negligence and proximate cause

(4) Herider relied upon Battles' representation in buying weed killer.

(5) Herider's agent Miller acted as a person of ordinary prudence in the exercise of ordinary care in relying upon Battles' representations.

(6) Battles' representation was negligence.

(7) And a proximate cause of Herider's damages.

(8) Tufts' causing arsenical weed killer to be delivered to Herider was negligence.

(9) and a proximate cause of Herider's injury.

(10) Herider suffered $1,000 loss of hay.

(11) 36 head of Herider's cattle were injured by the spraying of the arsenical weed killer on Herider's pasture.

(12) $11,000 in damages were suffered by Herider to cattle

(13) $4,000 for reasonable attorney's fee

(14) Herider incurred veterinary fees

(15) of $585

(16) Battles did not inform Miller that he had ordered arsenical weed killer.

(19) Herider did not receive billing invoice from Tufts reflecting sale of "ortho arsenical weed killer," before application of weed killer to land.

(22) Miller's failure to read the labels on the two drums of arsenical weed killer was negligence.

(23) And a proximate cause of the occurrence.

(24) Goings' (Herider's employee) failure to read labels was negligence.

(25) And a proximate cause of the occurrence.

(26) Bailey (Herider's employee) was not negligent in applying weed killer to pasture land while cattle were grazing thereon.

(28) Goings was negligent in failing to instruct Bailey to read and follow instructions on the labels on the drums of weed killer.

(29) And a proximate cause of the occurrence.

on the part of Battles and Tufts were apparently disregarded along with the contributory negligence issues against Herider when the court rendered judgment; therefore, these points are without merit. McDonald, Texas Civil Practice, Secs. 17.30–17.32; C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup., 1966); Rule 301, Texas Rules of Civil Procedure.

■ It appears that this case is one upon express warranty. Herider relies throughout upon Battles' representation that the weed killer was the same as the 2–4–D Herider was using. Under the verdict the jury found the representation was made, and relied upon; that damages resulted is undisputed. While it is no doubt true the damages suffered by Herider could and would have been prevented if Herider's employees had followed the directions on the container and had not permitted the cattle to graze the pasture after application of the weed killer, unless the instructions on the label or container were made a "basis of the bargain" they are not relevant in determining a breach of express warranty under Sec. 2.313, Business and Commerce Code, Uniform Commercial Code, V.T.C.A. Elanco Products Company v. Akin-Tunnell, 474 S.W.2d 789 (Tex.Civ. App., Amarillo, 1971, writ ref., n. r. e.).

■ By Point No. 11 Tufts and Battles contend that the trial court should have sustained their objection to Issue 3 whether Battles knew the weed killer was to be sprayed upon Herider's pasture because it did not inquire whether Battles knew Herider would permit cattle to graze upon such sprayed land. In view of the critical point in Issue 1 being answered for Herider, Issue 3 seems to have been an immaterial issue—one not essential for recovery on express warranty. Likewise, an issue on whether Battles knew cattle would be allowed to graze the pasture after application of the weed killer would be in the same category. Point 11 is overruled.

■ Tufts and Battles by Point 12 maintain there should be no judgment for attorney's fees because there was neither pleading nor proof that a claim had been made against them by Herider. We sustain this point.

The record shows that Herider's president, E. L. Herider, "right" after the discovery that some of Herider's cattle had died as a result of the application of the weed killer to Herider's pasture, orally, apparently by telephone, told John Tufts, president of Tufts, that he, Herider, was holding Tufts responsible for the cattle and looking for him to pay for them. Herider did not present any written claim or make any demand, orally or in writing, for a certain sum or what was claimed to be the value of the cattle. There is no evidence that Herider knew when he talked with Tufts how many cattle had died or would die or what the damages would be. In effect, Herider told Tufts that he was holding Tufts responsible for *some* damages not yet determined.

Article 2226, Vernon's Ann.Tex.St., says "(a)ny person * * * having a valid claim * * * for * * * stock killed or injured * * * may *present* the same * * *." There must be a *presentment* of the claim or demand. Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98 (1952). There is no allegation in Herider's pleading that presentment of a claim or demand was made, but only the language " * * * and the refusal of said defendants to pay said damages * * *."

Judge Alexander wrote in Burlington-Rock Island R. Co. v. McCartney, 54 S.W.2d 837 (Tex.Civ.App., Waco, 1932, n. w. h.), "(m)oreover, in order to recover the attorney's fees provided for in article 2226, it is necessary for the plaintiff *to allege* and *prove* that he *presented* his claim to defendant at least thirty days prior to the filing of the suit, and that the defendant failed to pay same. No such allegations

are contained in the plaintiff's amended petition on which he went to trial. The pleadings, therefore, did not authorize a recovery of attorney's fees." (Emphasis ours.)

Statutes authorizing recovery of attorney's fees are penal in character and are to be strictly construed. Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex. Sup., 1962); Success Motivation Institute, Inc. v. Jamieson Film Company, 473 S.W. 2d 275 (Tex.Civ.App., Waco, 1971, n. w. h.).

In Huff v. Fidelity Union Life Insurance Company, 158 Tex. 433, 312 S.W.2d 493 (1958), there were several letters exchanged between the parties on a claim under an agent's contract for commissions and the court held sufficient demand was made by plaintiff there to entitle him to recover attorney's fees. In Hudson v. Smith, 391 S.W.2d 441 (Tex.Civ.App., Houston, 1965, writ ref., n. r. e.), it was held that, under the facts of that case, an intervention in a divorce suit claiming a reasonable attorney's fee was a sufficient presentation of the claim. We believe neither *Huff* nor *Hudson* are in point here.

Can it be said that because Herider called Tufts by telephone and told him his company was to be held responsible for Herider's cattle that Herider had sufficiently presented a claim which would invoke the penalty of attorney's fees? We think not. The filing of the suit is not presentment, and the record reveals there was never any other claim or demand upon Tufts. How could Tufts discharge a claim when it was not known what was claimed? We hold there was not a presentment of the claim alleged nor actually made, and that the trial court should not have rendered judgment for attorney's fees.

The judgment of the trial court is reformed so as to disallow attorney's fees, and as reformed, the judgment is affirmed.