

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 26, 1976

This Opinion
Overrules Opinic.

. C-66 unless
conflicts

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas   77704

Opinion No. H- 904

Re:  Whether a commissioners
court may require sub-
dividers to comply with
county subdivision
specifications.

Dear Mr. Hanna:

You have requested our opinion with regard to whether
the Jefferson County Commissioners Court may require a
subdivider to comply with county subdivision regulations
promulgated under article 2372k, V.T.C.S., where the sub-
divider has not requested plat approval or acceptance of the
roads by the county.  Specifically, you ask whether such
compliance may be required in the following situations:

1.  Where the subdivider represents to
the purchaser that the roads are public
and will be maintained by the county; and

2.  Where the roads are not public and
intended only for the use of the purchasers
who realize that the roads are private and
not to be maintained by the county.

Article 2372k states:

[T]he Commissioners Courts of such counties
shall have the authority to require the
owner or owners of any tract of land
situated outside of the boundaries of any
incorporated town or city in such counties,
who may hereafter divide the same in two or
more parts for the purpose of laying out any
subdivision of any such tract of land, or for
laying out suburban lots or building lots,
and streets, alleys or parks or other portions

p.3791

intended for public use, or the use of
purchasers or owners of lots of any such
tract of land, to provide for a right-of-way
of not less than sixty (60) feet for any
road or street within such subdivision.

(b) The Commissioners Courts of any
such counties shall have the authority to
promulgate reasonable specifications to be
followed in the construction of any such
roads or streets within such subdivisions,
which specifications may include provisions
for the construction of adequate drainage for
such roads or streets. V.T.C.S. art. 2372k,
§ 1. (Emphasis added).

Language of a statute that is plain and clear should be given
effect as written. Gateley v. Humphrey, 254 S.W.2d 98, 100
(Tex. Sup. 1952). Therefore, the commissioners court has the
authority to require owners of land located outside the five
mile limits of an incorporated city [see art. 6626, V.T.C.S.,
and Attorney General Opinions V-1401 (1952) and R-2952 (1952)]
who divide their land for the purposes set out above to provide
for a sixty-foot right-of-way. The commissioners court also
has the authority to promulgate reasonable specifications to
be followed in the construction of roads in the subdivision
and may require subdividers to give a bond for the construction
and maintenance of such roads. V.T.C.S. art. 2372k, §§ 1(b), 2.
Additionally, section 3 of article 2372k gives the commissioners
court the authority to refuse to approve or authorize any map
or plat of a subdivision for recordation under article 6626,
V.T.C.S., where the subdivider has failed to comply with the
minimum right-of-way and bond requirements.

The contemporaneous history surrounding the passage of
article 2372k (Acts 1951, 52nd Leg., ch. 151 at 256) supports
a literal reading of the statute. Shortly before the enact-
ment of article 2372k, Commissioners' Court v. Frank Jester
Development Co., 199 S.W.2d 1004 (Tex. Civ. App. -- Dallas
1947, writ ref'd n.r.e.) was decided. In the Jester case,
the Court considered a situation in which the Dallas County
Commissioners Court had promulgated specifications with which
developers desiring the Commissioners Court's approval for
filing of a plat had to comply. The Commissioners Court had
also ordered that developers provide entrance culverts to
each separate piece of property and that through streets

have a sixty-foot right-of-way. The Court of Civil Appeals held that under the then applicable statute, article 6626, V.T.C.S., the Commissioners Court had no authority to refuse approval of a plat which contained sufficient information to allow it to be recorded. Additionally, they held that

> the Commissioners' Court [could not] impose
> upon appellee additional requirements and
> conditions as reflected in its order . . .
> since the Legislature has not seen fit to
> require such conditions. Id. at 1007.

In light of this background, we are of the opinion that the Legislature intended the provisions of article 2372k to address the problems faced by the Court in Jester and to supply the legislative authority necessary for the commissioners court to make the requirements specified in the terms of the statute.

The emergency clause of the bill enacting article 2372k reads, in pertinent part:

> Sec. 6. The fact that maintaining
> shoddy roads and streets in new subdivisions
> has become a heavy drain on County Road and
> Bridge Funds, and the fact that at present
> the County Commissioners Courts have no
> legal authority to require real estate
> developers to construct substantial roads
> and streets in such new subdivisions, creates
> an emergency . . . .

Allowing subdividers to escape the article's application by refusing to submit maps or plats of the subdivision for approval or by representing that the roads are nonpublic could result in perpetuation of the conditions which the emergency clause indicates the Legislature intended to correct.

Attorney General Opinion V-1480 (1952) previously concluded that the commissioners court has the authority under article 2372k to require subdividers to provide for sixty foot right-of-ways and to promulgate reasonable specifications for the construction of roads within a subdivision. Attorney General Opinion V-1480 also held that it was appropriate for the commissioners court to seek injunctive relief as a means of enforcing the provisions of article 2372k.

We are aware that Attorney General Opinion C-66 (1963)
limited the application of the provisions of article 2372k
only to subdividers who have submitted plats for approval
by the commissioners court.  However, as pointed out in this
opinion, we believe that such a limitation could permit
subdividers to avoid application of the statute by refusing
to submit and would thereby subvert the legislative intent
embodied in article 2372k.  Additionally, Opinion C-66 pur-
ported to limit the Commissioners Court as follows:

> In the event that the Commissioners
> Court has promulgated reasonable standards
> under the authority of Article 2372k, and
> the developer fails or refuses to give his
> bond (if required) or to make his plat
> conform to such requirements, the Commis-
> sioners Court's only recourse is to refuse
> the developer's subdivision.  (Emphasis
> added).

This conclusion fails to take into consideration the contrary
holding of V-1480.  For the reasons we have stated, it is
our conclusion that the commissioners court may require
landowners subdividing land for the purposes set out in
section 1(a) of article 2372k to comply with regulations
promulgated under that article.  To the extent that Attorney
General Opinion C-66 conflicts with this opinion, it it
overruled.

### S U M M A R Y

> The county commissioners court may require
> any land owner subdividing for the purposes
> set out in section 1(a) of article 2372k to
> comply with regulations promulgated by the
> commissioners court under article 2372k.
> The commissioners court's authority to make
> requirements under the provisions of article
> 2372k and to enforce such requirement is not
> dependent upon whether or not the subdivider

has submitted a plat for the commissioners court's approval nor upon the subdivider's representations as to the public or nonpublic nature of the roads within the subdivision.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb

p.3795