

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

January 16, 1976

The Honorable Bevington Reed          Opinion No. H-766
Commissioner, Coordinating Board
Texas College & University System     Re: Whether Appropriation
P. O. Box 12788                        Act provision concerning
Austin, Texas  78711                   payment for one-half
                                       accumulated sick leave
                                       upon termination of
                                       employment is applicable
                                       to institutions of higher
                                       education.

Dear Commissioner Reed:

     You have requested our opinion on several questions
regarding the provision of the current General Appropriations
Act, Acts 1975, 64th Leg., ch. 743, p.2417, which for the
first time provides for payment of one-half of an employee's
accumulated sick leave upon termination of employment. The
General Appropriations Act, provides in article V, section
7(b) at pp. 2849-2850:

          b.  Employees of the State shall,
     without deduction in salary, be entitled
     to sick leave subject to the following
     conditions:

          Sick leave entitlement shall be
     earned at the rate of eight (8) hours
     for each month or fraction of a month
     employment, and shall accumulate with
     the unused amount of such leave carried
     forward each month.

          Sick leave with pay may be taken
     when sickness, injury, or pregnancy
     and confinement prevent the employee's
     performance of duty or when a member
     of his immediate family is actually
     ill.  An employee who must be absent
     from duty because of illness shall
     notify his supervisor or cause him to
     be notified of that fact at the earliest
     practicable time.

p. 3232

To be eligible for accumulated sick leave with pay during a continuous period of more than three (3) working days, an employee absent due to illness shall send to the administrative head of his employing agency a doctor's certificate showing the cause or nature of the illness, or some other written statement of the facts concerning the illness which is acceptable to such administrative head.

Upon return to duty after sick leave the employee concerned shall, without delay, complete the prescribed application for sick leave and submit the same through proper channels to the appropriate approving authority for his consideration.

Exceptions to the amount of sick leave an employee may take may be authorized by the administrative head or heads of any agency of the State provided such exceptions are authorized on an individual basis after a review of the merits of such particular case. A statement of any such authorized exceptions or the reasons for them shall be attached to the State agency's duplicate payroll voucher for the payroll period affected by such authorized exceptions.

The foregoing provision regarding sick leave shall not apply to State institutions of higher education which had established rules in effect prior to the adoption of this Act for sick leave for the nonacademic and academic staffs of such institutions, and such sick leave policies may continue to be established by the governing boards of such institutions.

> A state employee who resigns, is
> dismissed or separated from state
> employment shall be entitled to be
> paid for one half of sick leave entitlement
> duly accrued. (Emphasis added).

Your first question asks:

> Is the rider provision in Section 7(b)
> of Article V of the present General
> Appropriation Bill, authorizing payments
> to employees for accumulated sick leave,
> applicable to the institutions of higher
> education?

The statute clearly requires that all state employees, upon separation, be paid for one-half of their accrued sick leave. No exception is created for employees of state institutions of higher education. The exception in the preceding paragraph applies only to "[t]he foregoing provision regarding sick leave" and is not applicable to any subsequent provision. It is well settled that, where the language of a statute is plain and clear, it must be given effect as written. Gateley v. Humphrey, 254 S.W. 2d 98 (Tex.Sup. 1952). The courts will not usurp the function of the Legislature by reading into a statute a provision which is not contained therein. Goldman v. Torres, 341 S.W.2d 154 (Tex. Sup. 1960). It is therefore our opinion that the provision of the General Appropriations Act providing for payment of one-half of an employee's accumulated sick leave upon termination of employment is applicable to state institutions of higher education.

Your second question is:

> May the governing board of an institu-
> tion of higher education limit the maximum
> number of days of sick leave which can be
> accumlated by an employee for either pay-
> ment purposes in the case of termination
> or actual use in the case of illness?

As raised in response to your first question, the Legislature has established a policy of payment for a portion of unused sick leave. The language of the Appropriations Act indicates that this policy applies to institutions of higher education, even though these institutions have some flexibility in establishing general sick leave policies. Thus, if an institution of higher education had established sick leave policies prior to September 1, 1975, it may continue to enforce those policies and to promulgate additional policies of a similar nature. These policies might include limitations on the maximum amount of sick leave which can be accrued. However, the institutions may not thwart the purpose of the Act by establishing two different types of sick leave, such as sick leave accrued for use in case of illness and sick leave for payment purposes on termination of state employment.

Your third and fourth questions ask:

> (3) Are employees of an institution
> of higher education who have been
> hired in connection with projects
> funded by grants or contracts and paid
> from the funds made available pursuant
> to such grant or contract entitled to
> be paid for accumulated sick leave
> even though the grant or contract does
> not allow or provide for such expenditure?

> (4) Are the institutions of higher
> education required to make payments
> for accumulated sick leave to employ-
> ees of the institutions' auxiliary
> enterprises who terminate employment?

The provision of the General Appropriations Act which authorizes payment for one-half of accrued sick leave is applicable to "state employees." Thus, if an individual is a "state employee" he will be entitled to the benefits of this portion of the Appropriations Act. Since the institutions of higher education about which you inquire are agencies of the State, their employees are state employees. Your third question presupposes that the individuals whose salaries

The Honorable Bevington Reed - page 5 (H-766)

...paid with the proceeds of grants or contracts are employees of the institution. As such they are entitled to the benefits of the Appropriations Act provision relating to payment for sick leave. Auxiliary enterprise employees are also employees of the institutions and are similarly entitled to the Act's benefits. See Attorney General Opinion H-456 (1974).

With regard to your last question, where you ask us to suggest options available to the institutions of higher education if funds are not available for sick leave payments, we express no opinion. See Attorney General Opinion H-211 (1974).

### S U M M A R Y

The provision of the General Appropriations Act providing for payment of one-half of an employees' accumulated sick leave upon termination of employment is applicable to state institutions of higher education. The governing boards of certain institutions may limit the maximum number of days of sick leave which an employee may accumulate, but it may not draw a distinction between the accrual of sick leave for payment purposes in the event of separation and accrual for actual use in case of illness. Employees of institutions of higher education are state employees entitled to the benefits of the sick leave payment provisions of the Appropriations Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb