

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 6, 2006

The Honorable Jim Pitts
Chair, Committee on Appropriations
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Raymund A. Paredes, Ph.D.
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711-2788

Opinion No. GA-0395

Re: Whether section 61.222 of the Education Code authorizes the Texas Higher Education Coordinating Board to approve for participation in the tuition equalization grant program a private or independent college or university that does not have the same accreditation as public institutions of higher education (RQ-0374-GA)

Dear Representative Pitts and Commissioner Paredes:

You both ask about the proper interpretation of section 61.222 of the Education Code, which governs the Texas Higher Education Coordinating Board's ("Coordinating Board" or "Board") authority to approve private and independent colleges and universities to participate in the tuition equalization grant program (the "TEG program" or "program"). *See* TEX. EDUC. CODE ANN. § 61.222 (Vernon Supp. 2004-05). Representative Pitts asks whether section 61.222 authorizes the Coordinating Board to approve for participation in the TEG program a private or independent college or university that does not have the same accreditation as public institutions of higher education.[1] The Coordinating Board asks more specifically whether Dallas Christian College is eligible to participate in the program.[2]

The TEG program is governed by chapter 61, subchapter F of the Education Code. *See id.* §§ 61.221-.230 (Vernon 1996 & Supp. 2004-05). Section 61.221 establishes the program:

> In order to provide the maximum possible utilization of existing educational resources and facilities within this state, both

---

[1]*See* Letter from Honorable Jim Pitts, Chair, Committee on Appropriations, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Aug. 9, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Pitts Request Letter].

[2]*See* Letter from Raymund A. Paredes, Ph.D., Commissioner of Higher Education, Texas Higher Education Coordinating Board, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Aug. 12, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Coordinating Board Request Letter].

> public and private, the coordinating board is authorized to provide tuition equalization grants to Texas residents enrolled in any approved private Texas college or university, based on student financial need, but not to exceed a grant amount of more than that specified in the appropriation by the legislature.

*Id.* § 61.221 (Vernon Supp. 2004-05). Under the TEG program, a student at a private college or university who makes a showing of financial need is eligible to receive a grant to equalize the difference between tuition at the private institution and the tuition at public colleges and universities. *See id.* § 61.227.

Only a Texas resident enrolled at an approved private college or university may receive a grant. *See id.* § 61.221. Section 61.222 governs the Coordinating Board's approval authority:

> The coordinating board shall approve only those private or independent colleges or universities that are private or independent institutions of higher education as defined by Section 61.003 or are located within this state and meet the same program standards and accreditation as public institutions of higher education as determined by the board.

*Id.* § 61.222.

We understand from your letters that public institutions of higher education in Texas are accredited by the Commission on Colleges of the Southern Association of Colleges and Schools[3] and that certain specialized programs at public institutions of higher education, like a law, medical, or nursing school, are accredited by other accrediting agencies, like the American Bar Association, the Liaison Committee on Medical Education, or the National League of Nursing.[4] Dallas Christian College, the subject of the Coordinating Board's query, is not accredited by the Commission on Colleges of the Southern Association of Colleges and Schools but is accredited by the Association for Biblical Higher Education, an accrediting agency designated as recognized by the Coordinating Board under the statutory provisions that authorize the Board to regulate private postsecondary educational institutions.[5]

---

[3]Pitts Request Letter, *supra* note 1, at 1; Coordinating Board Request Letter, *supra* note 2, at 3.

[4]Pitts Request Letter, *supra* note 1, at 2 n.1; Coordinating Board Request Letter, *supra* note 2, at 3-4.

[5]*See* Coordinating Board Request Letter, *supra* note 2, at 2-3; *see also* TEX. EDUC. CODE ANN. ch. 61, subch. G (Vernon 1996 & Supp. 2004-05) (authorizing the Coordinating Board to regulate private postsecondary institutions); *id.* §§ 61.302(8) (Vernon Supp. 2004-05) (defining "recognized accrediting agency" as "an association or organization so designated by rule of the board for the purposes of this subchapter"), 61.303 (exempting from Coordinating Board regulation "an institution which is fully accredited by a recognized accrediting agency"); 19 TEX. ADMIN. CODE § 7.4(a)(1) (2005) (listing recognized accrediting agencies). We gather from the Coordinating Board's letter that the Association for Biblical Higher Education does not accredit Texas public institutions of higher education.

In construing section 61.222 of the Education Code, we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 2005); *Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 960 (Tex. 1999); *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex. 1997). To do so, we must construe it according to its plain language. *See In re Canales,* 52 S.W.3d 698, 702 (Tex. 2001); *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607-08 (Tex. 1985). We must also construe section 61.222 in context, considering the statute as a whole and in light of other statutes that govern the Coordinating Board. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases to be read in context); *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions. We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone.") (citations omitted).

According to its plain language, section 61.222 requires the Coordinating Board to approve only those institutions that satisfy either of two alternate sets of criteria. First, it must approve "those private or independent colleges or universities that are private or independent institutions of higher education as defined by Section 61.003." TEX. EDUC. CODE ANN. § 61.222 (Vernon Supp. 2004-05). Section 61.003(15) provides as follows:

> (15) "Private or independent institution of higher education" includes only a private or independent college or university that is:
>
> (A) organized under the Texas Non-Profit Corporation Act (Article 1396-1.01 et seq., Vernon's Texas Civil Statutes);
>
> (B) exempt from taxation under Article VIII, Section 2, of the Texas Constitution and Section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. Section 501); and
>
> (C) *accredited by the Commission on Colleges of the Southern Association of Colleges and Schools or the Liaison Committee on Medical Education.*

*Id.* § 61.003(15) (emphasis added). As the Coordinating Board notes, because the college it asks about is not accredited by either entity listed in section 61.003(15)(C), the Coordinating Board may not approve the college for participation in the program based on this first set of criteria.[6]

Under the second set of criteria, the Coordinating Board shall approve "those private or independent colleges or universities that . . . are located within this state and meet *the same program standards and accreditation* as public institutions of higher education as determined by the board." *Id.* § 61.222 (emphasis added). Unlike the first set of criteria, the second set of criteria does not require that the college be organized as a nonprofit or exempt from taxation. Rather, to be eligible

---

[6]*See* Coordinating Board Request Letter, *supra* note 2, at 2.

for approval under the second set of criteria, the college or university must be located in Texas and meet *the same* program standards and accreditation as public institutions of higher education. *See id.*

Your letters indicate that you disagree about the meaning of the term "same." In essence, Representative Pitts construes "same" to mean "identical."[7] On the other hand, the Coordinating Board suggests that "same" may mean "comparable," "similar," or "equivalent."[8] As it is not defined by statute and is not a term of art, we must construe the term "same" according to its common meaning. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005). Dictionary definitions include the terms "identical" and "equivalent" as synonyms of "same," *see* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1040 (1990), and we have not located any Texas case law defining the term. According to a federal case regarding regulatory standards, "although the word 'same' is susceptible of conveying several meanings – possibly even equivalency – 'same' and 'identical' are synonyms and are treated as such in common usage." *Miss. Poultry Ass'n v. Madigan*, 31 F.3d 293, 300 (5th Cir. 1994) (en banc) (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1122-23, 2007 (1981)).

To the extent the term "same" may convey multiple meanings and therefore be ambiguous, we note that in 2001 the legislature amended section 61.222 in Senate Bill 149 to add the first set of criteria and to amend the language in what became the second set of criteria. In doing so, the legislature changed the modifying phrase "comparable to" to "the same . . . as." *See* Act of May 3, 2001, 77th Leg., R.S., ch. 144, § 1, 2001 Tex. Gen. Laws 296, 296.[9] Clearly, the legislature intended to change the law, and we must give this change meaning. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 681 (Tex. 1979) ("It is apparent that in amending the statute, the legislature intended some change in the existing law, and this court will endeavor to effect the change."); *Am. Sur. Co. of N.Y. v. Axtell Co.*, 36 S.W.2d 715, 719 (Tex. 1931) (legislature presumed to have intended some change to existing law when amendment was enacted and effect must be given to

---

[7]*See* Pitts Request Letter, *supra* note 1, at 2 ("The plain meaning of the statute is that *only* a [Commission on Colleges of the Southern Association of Colleges and Schools] accredited institution (or a specialized institution that is accredited by the same accrediting body as a specialized public institution) may participate in the TEG program under Section 61.222.").

[8]*See* Coordinating Board Request Letter, *supra* note 2, at 2-3 (suggesting that section 61.222 may authorize the Coordinating Board to approve for participation in the TEG program a college that is accredited by an accrediting agency that the Board has designated as a recognized accrediting agency under Education Code, chapter 61, subchapter G).

[9]Senate Bill 149 amended section 61.222 as follows:

> The coordinating board shall approve only those private or independent colleges or[,] universities *that are private or independent institutions of higher education as defined by Section 61.003 or*[, associations, agencies, institutions, and facilities as] are located within this state *and*[, which] meet *the same* program standards and accreditation *as* [comparable to] public institutions *of higher education* as determined by the board.

Act of May 3, 2001, 77th Leg., R.S., ch. 144, § 1, 2001 Tex. Gen. Laws 296, 296.

amendment); *accord* Tex. Att'y Gen. Op. No. GA-0208 (2004) at 7; *see also Gateley v. Humphrey*, 254 S.W.2d 98, 101 (Tex. 1952) (holding that the fact that significant words are omitted from the reenactment or amendment of a statute "imports a conclusive presumption that the legislature intended to exclude the object theretofore accomplished by the abandoned words"); TEX. GOV'T CODE ANN. § 311.023(1), (3), (5) (Vernon 2005) (in construing a statute a court may consider the statute's objectives, its legislative history, and the consequences of a particular construction). This amendment indicates that the legislature intended the phrase "the same . . . as" to mean "identical to" as opposed to "comparable to" or "equivalent to" or "similar to." Moreover, the substitution of "same" for "comparable" also indicates that the legislature intended to restrict rather than expand the Coordinating Board's authority to approve institutions.

Finally, this construction is consistent with chapter 61 as a whole. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases to be read in context); *Helena Chem. Co.*, 47 S.W.3d at 493 ("We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone."). Since chapter 61 was first enacted in 1971,[10] section 61.003, which defines chapter 61 terms, has included the term "recognized accrediting agency." TEX. EDUC. CODE ANN. § 61.003(13) (Vernon Supp. 2004-05).[11] That term means "the Southern Association of Colleges and Schools *and any other association or organization so designated by the board.*" *Id.* (emphasis added). If the legislature had intended section 61.222 to authorize the Coordinating Board to approve for participation in the TEG program colleges and universities accredited by an entity designated by the Board, it would have used the term "recognized accrediting agency," as it has done in statutes governing other programs.[12]

In sum, the phrase "same . . . as" in section 61.222 means "identical to" and section 61.222 does not broadly authorize the Coordinating Board to approve colleges and universities accredited

---

[10]*See* Act of May 22, 1971, 62d Leg., R.S., ch. 1024, art. 1, § 1, 1971 Tex. Gen. Laws 3072, 3131-33.

[11]The term "recognized accrediting agency" is also used in subchapter G of chapter 61. In subchapter G, the term has its own definition that applies only for purposes of that subchapter. *See* TEX. EDUC. CODE ANN. § 61.302(8) (Vernon Supp. 2004-05) ("'Recognized accrediting agency' means an association or organization so designated by rule of the board for the purposes of this subchapter."). The Coordinating Board has designated accrediting agencies under this authority in rule 7.4. *See* 19 TEX. ADMIN. CODE § 7.4(a)(1) (2005). A recognized accrediting agency designated by the Coordinating Board under subchapter G is not necessarily a recognized accrediting agency under section 61.003(13). However, in some cases board rules implementing other programs reference the subchapter G rules to designate recognized accrediting agencies. *See, e.g., id.* §§ 21.2051(8), .2083(9).

[12]*See, e.g.*, TEX. EDUC. CODE ANN. §§ 51.602(5) (Vernon 1996) ("'Institution of higher education' means a public institution of higher education as defined by Subdivision (8) of Section 61.003 of the Education Code or a private college or university that issues degrees in this state and is accredited by a recognized accrediting agency as defined by Section 61.003 of this code.") (Engineering and Science Recruitment Fund), 56.161(4) ("'Institution' means an institution of higher education, as defined by Section 61.003 of this code, or a private college or university that is located in this state and is accredited by a recognized accrediting agency, as defined by Section 61.003 of this code.") (Minority Doctoral Incentive Program), 61.801(2) ("'Public or private institution of higher education' means an institution of higher education or a private college or university accredited by a recognized accrediting agency.") (Texas Partnership and Scholarship Program).

by accrediting agencies that do not accredit public institutions of higher education. Thus, based on the facts about accreditation stated in your letters, we agree with Representative Pitt's conclusion that under section 61.222 "only [Commission on Colleges of the Southern Association of Colleges and Schools] accredited institutions (or a specialized institution that is accredited by the same accrediting body as a specialized public institution) may participate" in the TEG program.[13]  In answer to his specific question, section 61.222 does not authorize the Coordinating Board to approve for participation in the TEG program a private or independent college or university that does not have the same accreditation as public institutions of higher education. In answer to the Coordinating Board's question, a college that is accredited by an entity that does not accredit public institutions of higher education does not meet *the same* accreditation as public institutions of higher education and the Coordinating Board is not authorized to approve the college to participate in the TEG program.[14]

---

[13]Pitts Request Letter, *supra* note 1, at 3, *as clarified by* Letter from Honorable Jim Pitts, Chair, Committee on Appropriations, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Sept. 9, 2005) (on file with Opinion Committee).

[14]The Coordinating Board is concerned that excluding from the TEG program a college accredited by an accrediting agency that the Board has designated as a recognized accrediting agency under subchapter G of chapter 61 of the Education Code could be considered unreasonable. *See* Coordinating Board Request Letter, *supra* note 2, at 4; *see also* notes 5 & 11 *supra*. However, the TEG program is established and governed under subchapter F of chapter 61. The legislature has not used the term "recognized accrediting agency" in subchapter F. Moreover, in section 61.222 the legislature has expressly required that a college have the same accreditation as public institutions of higher education to participate in the program.

## S U M M A R Y

Section 61.222 of the Education Code does not authorize the Higher Education Coordinating Board to approve for participation in the tuition equalization grant program a private or independent college or university that does not have the same accreditation as public institutions of higher education. A college that is accredited by an entity that does not accredit public institutions of higher education does not meet *the same* accreditation as public institutions of higher education and the Coordinating Board is not authorized to approve such a college to participate in the program.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee