**Dissenting Opinion Filed March 21, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01425-CV

**WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-1 ASSET-BACKED CERTIFICATES, SERIES 2006-1, Appellant**

**V.**

**LONZIE LEATH, Appellee**

On Appeal from the 95th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 08-07290

## OPINION DISSENTING FROM THE DENIAL OF APPELLANT'S MOTION FOR REHEARING EN BANC

Before Justices Moseley, O'Neill, and Brown
Dissenting Opinion by Justice FitzGerald

I respectfully dissent from the Court's denial of appellant's motion for rehearing en banc.

I disagree with the panel's conclusion that appellee gave appellant adequate notice of appellant's alleged failure to comply with the constitution. The purpose of the notice provision is to give the lender enough detail about the alleged defect so that the lender can take advantage of the 60-day cure period. *See Curry v. Bank of Am., N.A.*, 232 S.W.3d 345, 353 (Tex. App.—Dallas 2007, pet. denied). In this case, appellee notified appellant through a pleading of appellee's contention that the mortgage in question violated the constitution because the loan amount exceeded 80% of the actual fair market value of the property at the time of closing.

Appellee gave appellant no other details. The information appellee provided was too conclusory to inform appellant what it needed to do to cure the alleged defect. Thus, appellant could not have cured the alleged defect without additional information—presumably from appellee, who might or might not have cooperated with appellant to resolve the issue. We should not construe the notice provision in such a way that makes the lender's ability to cure within sixty days contingent on the debtor's cooperation.

An analogy may be drawn to the recovery of attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code. To recover attorneys' fees, the claimant must have presented its claim to the opposing party and given the opposing party thirty days to make payment. TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (West 2008). Cases decided under that statute illustrate that the presentment of the claim must be specific enough to inform the opposing party of what it must do to discharge the claim. *See W.G. Tufts & Son v. Herider Farms, Inc.*, 485 S.W.2d 300, 303–04 (Tex. Civ. App.—Tyler 1972, writ ref'd n.r.e.) (no presentment when claimant merely told defendant that claimant was holding defendant responsible for death of claimant's cattle and was looking to defendant to pay for them); *see also Sunbeam Envtl. Servs., Inc. v. Tex. Workers' Comp. Ins. Facility*, 71 S.W.3d 846, 851 (Tex. App.—Austin 2002, no pet.) (sending of invoices constituted adequate presentment of claim). By the same logic, in this case I would hold that appellee's general pleading regarding the loan-to-value ratio did not suffice as notice to Wells Fargo and did not trigger the running of the sixty-day cure period.

I would grant rehearing en banc. Because the Court does not, I respectfully dissent.

111425DF.P05

KERRY P. FITZGERALD
JUSTICE

–2–