## The CENTRAL EDUCATION AGENCY, et al., Appellants,

### v.

## GEORGE WEST INDEPENDENT SCHOOL DISTRICT, Appellee.

### No. 3–87–228–CV.

Court of Appeals of Texas, Austin.

May 18, 1988.

Rehearing Denied June 15, 1988.

Jim Mattox, Atty. Gen., Celina Romero, Asst. Atty. Gen., Dean A. Pinkert, Austin, for appellants.

Judy Underwood, Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellee George West Independent School District filed an administrative appeal in the district court of Travis County seeking to set aside an adverse order of the Central Education Agency. The agency order vacated the determination by appellee's board of trustees to "nonrenew" appellant Jenny J. McCullough's teaching contract. The district court rendered judgment setting aside the agency order. This Court will affirm the judgment.

Appellant was employed as an English teacher at George West High School until appellee's board of trustees voted not to renew her contract. Because appellee was of the view that the Term Contract Nonrenewal Act, Tex.Educ.Code Ann. § 21.201 *et seq.* was inapplicable to McCullough, appellee made no effort to comply with its provisions in the nonrenewal process.[1]

---

1. If applicable, the Act requires the school board trustees to give the teacher notice of the proposed nonrenewal of his contract together with a statement of the reasons for the proposed nonrenewal. If requested, the board must ac-

McCullough filed an appeal with the Central Education Agency complaining, among other things, that the board of trustees did not afford her the protections of the Act. The agency agreed and ordered appellee to restore McCullough to her teaching position and to pay her damages for loss of salary.

Appellee then filed an administrative appeal with the district court of Travis County. After hearing the appeal, the district court rendered judgment setting aside the agency order.

The operative facts are undisputed. McCullough signed her first teaching contract with appellee on May 20, 1982. About ten months later, in March 1983, she signed her second contract. A few months later, on July 21, 1983, appellee's board of trustees, for the first time, adopted a policy regarding probationary contracts. That "policy" provided that "[t]he first two years of continuous employment in the district for all full-time, professional certified personnel shall be a probationary period."

On March 20, 1984, appellee's board of trustees voted to nonrenew McCullough's teaching contract. At the time of nonrenewal of her contract, McCullough had not served two continuous years employment with appellee.

Under these facts, the agency concluded that McCullough was a nonprobationary employee upon the basis that after April 1, 1982, a term contract teacher's status as probationary or nonprobationary, for purposes of the Act, became established on the date when the teacher signed his first contract with the school district. Accordingly, under the agency's view of the Act, McCullough was nonprobationary because appellee had no probationary policy when she signed the first contract on May 20, 1982.

The district court concluded, to the contrary, that a probationary policy adopted pursuant to the Act is a procedural regulation that may be applied to all teachers with less than two years service, whether they are employed before or after the policy is adopted. Finally, the court determined that the agency erred in ordering appellee to reimburse McCullough for loss of salary because the agency lacked authority to consider McCullough's cause to recover money damages.

Although the agency and McCullough attack the judgment by several points of error, resolution of those points hinges upon construction of the Term Contract Nonrenewal Act. The Term Contract Nonrenewal Act, effective August 31, 1981, provides, in general, that the board of trustees shall provide by written policy for periodic written evaluation of teachers. § 21.202. If the board does not reject the administration's recommendation for nonrenewal, it must give the teacher notice of the proposed nonrenewal on or before the April 1st that precedes the end of the employment terms. § 21.204(a). If the board fails to give such notice, then it is deemed that the board has renewed the teacher's contract for the succeeding school year in the same professional capacity. § 21.204(b). The notice of proposed nonrenewal must contain a statement of the reasons for the proposed nonrenewal. § 21.204(c). If the teacher desires a hearing, he must notify the board in writing within ten days after receipt of the notice of nonrenewal. § 21.205. If the teacher is aggrieved by the decision of the board, he may appeal to the Commissioner of Education. § 21.207.

At times material to this appeal, § 21.209 authorized the board of trustees to provide in writing for a probationary period not to exceed the first two years of continuous employment in the school district. The provisions of the Act were inapplicable during this probationary period.

Specifically, § 21.209 provided

The board of trustees of any school district may provide by written policy for a probationary period not to exceed the first two years of continuous employment in the district, in which case the provisions of this subchapter shall not apply during such probationary period.

cord the teacher a hearing. If, however, a

teacher is probationary, the Act is inapplicable.

The agency and McCullough claim that § 21.209 provides that a teacher's status, as probationary or nonprobationary, becomes fixed on the date when the teacher signs his first contract. This Court does not agree.

If the meaning of a statute is plain and unambiguous, there is no need to resort to the rules of construction. *Ex Parte Roloff,* 510 S.W.2d 913 (Tex.1974); *Fox v. Burgess,* 302 S.W.2d 405 (Tex.1957). In such case, the Court will apply and enforce the statute as it reads. *Gateley v. Humphrey,* 151 Tex. 588, 254 S.W.2d 98 (1952).

Section 21.209 authorizes a board of trustees to provide for a probationary period "not to exceed the first two years of [a teacher's] continuous employment in the district." If the board establishes a probationary policy, then the terms of the Term Contract Nonrenewal Act are not applicable during the probationary period. *Bormaster v. Lake Travis Ind. Sch. Dist.,* 668 S.W.2d 491 (Tex.App.1984, no writ).

Section 21.209 *does not* fix the time that a board of trustees may establish a probationary policy. The length of time that a teacher remains probationary, however, is limited by the section to the first two years of a teacher's continuous employment in the district.

Because the terms of § 21.209 are not ambiguous, its language should be given effect as written. *Gateley v. Humphrey, supra.* In this appeal, when appellee's board promulgated its probationary policy on July 21, 1983, that policy applied to all teachers who had not been continuously employed by the district for two years. Such teachers continued in probationary status until completion of two years of continuous employment with the district.

Because McCullough had not served two continuous years of employment at the time of nonrenewal of her contract, she occupied a probationary status and was not entitled to the benefits of the Term Contract Nonrenewal Act. Appellants' points of error are overruled.

The judgment, setting aside the agency order, is in all things affirmed.