**CENTRAL EDUCATION AGENCY and J.J. McCollough, Petitioners,**

v.

**GEORGE WEST INDEPENDENT SCHOOL DISTRICT, Respondent.**

**No. C–7687.**

Supreme Court of Texas.

Oct. 4, 1989.

Rehearing Overruled Feb. 21, 1990.

Dean Pinkert, Lynn E. Rubinett, Celina Romero, Anne E. Swenson, Austin, Office of the Attorney General, Jim Mattox, Atty. Gen., for petitioners.

Judy Underwood, Eric W. Schulze, Austin, for respondent.

**OPINION ON MOTION FOR REHEARING**

RAY, Justice.

Respondent's motion for rehearing is granted in part and overruled in part. The

---

opinion and judgment of July 12, 1989, are withdrawn and the following substituted.

At issue in this cause is the validity of a school district's probationary policy that has retroactive effect on currently employed teachers. The Commissioner of Education concluded that the district's policy violated the provisions of The Term Contract Nonrenewal Act. The district court and the court of appeals reversed and vacated the Commissioner's order. 750 S.W.2d 900. Because the district's probationary policy breaches the teacher's contract of employment, we reverse the judgment of the court of appeals in part and affirm in part.

J.J. McCollough was employed in May 1982 as a high school English teacher by the George West Independent School District. The school district voted not to renew her teaching contract in March 1984. When McCollough was first hired, the school district had no probationary policy for its teachers, but it did adopt such a policy in July 1983. Because the school district believed that the adoption of the probationary policy exempted it from the requirements of The Term Contract Nonrenewal Act, the district made no effort to comply with the Act's provisions in the nonrenewal process. The Term Contract Nonrenewal Act, ch. 765, 67th Leg., 1981 Tex.Gen.Laws 2847, *amended by* Act of June 30, 1984, ch. 28, art. I, pt. D, sec. 8, art. III, pt. A, sec. 3, 68th Leg., 2d Called Sess., 1984 Tex.Gen.Laws 117, 130, 150, *amended by* Act of June 1, 1987, ch. 968, 70th Leg., 1987 Tex.Gen.Laws 3292 (current law codified as Tex.Educ.Code Ann. §§ 21.201–21.211 (Vernon 1987 & Supp. 1989)).

McCollough appealed the decision not to renew her contract to the Commissioner of Education, who ordered the school district to employ McCollough in the same professional capacity in which she was employed for the 1982–83 school year and to reimburse her for damages for loss of salary.[1] The school district filed an administrative appeal from the Commissioner's order and the district court reversed and vacated. *See* Tex.Educ.Code Ann. § 11.13(c) (Vernon Supp.1989), § 21.207(b) (Vernon 1987). The court of appeals affirmed, holding that the plain meaning of the Act authorized the school district to adopt a probationary policy at any time.

■ At the time McCollough was hired by the school district, section 21.209 of the Education Code read as follows:

The board of trustees of any school district may provide by written policy for a probationary period not to exceed the first two years of continuous employment in the district, in which case the provisions of this subchapter [The Term Contract Nonrenewal Act] shall not apply during such probationary period.

The Term Contract Nonrenewal Act, ch. 765, sec. 2, § 21.209, 67th Leg., 1981 Tex.Gen.Laws 2847, 2848, *amended by* Act of June 1, 1987, ch. 968, 70th Leg., 1987 Tex.Gen.Laws 3292. Since it is undisputed that the school district had no probationary policy when McCollough was hired, the issue before us is whether the school district could implement a probationary policy for currently employed teachers. We hold that even though a district may exclude teachers from the provisions of The Term Contract Nonrenewal Act by establishing a probationary policy prior to offering a contract of employment, the district may not unilaterally modify an existing contract to deny a teacher the protections of the Act.

The protections of The Term Contract Nonrenewal Act were a part of McCol-

---

1. McCollough raised a supplemental point of error in the court of appeals asserting that the district court erred in holding that the Commissioner does not have the authority to award past wages. She did not raise this point in either her motion for rehearing in the court of appeals or her application for writ of error in this court, so the point is, therefore, waived. *See Oil Field Haulers Ass'n v. Railroad Comm'n*, 381 S.W.2d 183, 189 (Tex.1964). The rule of *McKelvy v.*

*Barber* will not excuse McCollough's failure to preserve her point of error because the court of appeals expressly overruled all of the appellants' points of error. *McKelvy* only relieves a party of the duty of preserving a particular point of error to this court when the court of appeals does not commit error in declining to rule on that point of error. *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.1964).

lough's 1982–83 and 1983–84 employment contracts even though these protections were not expressly written into the contracts. "[L]aws which subsist at the time and place of the making of a contract ... enter into and form a part of it, as if they were expressly referred to or incorporated in its terms." *Von Hoffman v. City of Quincy*, 71 U.S. (4 Wall.) 535, 550, 18 L.Ed. 403 (1866), *quoted in Smith v. Elliott & Deats*, 39 Tex. 201, 212 (1873); *see also Wessely Energy Corp. v. Jennings*, 736 S.W.2d 624, 626 (Tex.1987). These protections were a material part of McCollough's contracts, which the school district could not unilaterally abrogate without committing a breach.

The school district argues that it had the right to implement the probationary policy affecting currently employed teachers because the contract of employment provided that the "[t]eacher agrees to abide by and conform to the rules, regulations and policy [sic] of the District, and such other reasonable rules, regulations and policies as may be from time to time adopted by the school authorities." We disagree. The school district's right to modify the contract does not imply the power to substitute something entirely different or confer the power to destroy the agreement. *See Webb v. Finger Contract Supply Co.*, 447 S.W.2d 906, 908 (Tex. 1969). The Term Contract Nonrenewal Act was specifically designed to give teachers due process rights when a school district decides not to renew the teacher's contract of employment. The contract of employment does not allow the district to unilaterally deprive the teachers of these rights.

Because the district may not unilaterally modify an existing contract to deny a teacher the protections of the Act, we do not address the court of appeals' statutory interpretation of the Act. Accordingly, we reverse the judgment of the trial court and court of appeals as to the employment of McCollough and reinstate the portion of the Commissioner's order directing the school district to employ McCollough in the same professional capacity in which she was employed for the 1982–83 school year.

In all other respects we affirm the judgment of the court of appeals.