# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00056-CV

### Ector County TSTA/NEA and Bobbie Duncan, Appellants

### v.

### Felipe Alanis, Commissioner of Education (in his official capacity); and Ector County Independent School District, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. GN003355, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

In this contract dispute, appellants Ector County TSTA/NEA[1] and teacher Bobbie Duncan (collectively, Aappellants@) complain that appellee Ector County Independent School District (AEctor County ISD@) breached its teacher employment contracts and exceeded its statutory authority by amending its health plan policy during the contract period to allow for contribution by teachers. After Ector County ISD denied their grievance, appellants filed an appeal with the Commissioner of Education. The Commissioner

---

[1]  ATSTA/NEA@ is the Texas State Teachers Association, which is affiliated with the National Education Association.

found in favor of Ector County ISD, and appellants sought judicial review of the Commissioner=s decision in district court. The district court upheld the Commissioner=s decision, which appellants now challenge on appeal.

In two issues, appellants challenge (1) whether Ector County ISD may amend its health plan policy during the contract period and (2) whether the Commissioner=s decision is supported by substantial evidence. We hold that Ector County ISD did not breach its teacher contracts and that the education code authorizes a school board to amend its self-funded plan during the contract term to allow for teacher contribution. Because the Commissioner=s decision is supported by substantial evidence, we affirm the judgment of the district court.

## BACKGROUND

The facts in this case are not in dispute. For the 1998-99 school year, Ector County ISD employed teachers under continuing, term, or probationary contracts, which went into effect at the beginning of the school year. The contracts allowed teachers to resign up to forty-five days before the first day of instruction (which in this instance would have been in July 1998) without seeking school board approval. *See* Tex. Educ. Code Ann. '' 21.105(a), .160(a), .210(a) (West 1996). Once this date passed, a teacher had to remain with the district for the school year or face sanctions. *See id.* '' 21.105(a), .160(a), .210(a).

Ector County ISD provided statutorily required health benefits to its teachers through a self-funded plan. At the beginning of the 1998-99 school year, Ector County ISD=s local policy was that it Ashall pay the health insurance premiums for individual employees who are on regularly assigned jobs for at least 20 hours a week.@ Under this policy, Ector County ISD paid all of a teacher=s individual health

2

premium. In November 1998, Ector County ISD=s employee benefits study committee, presented with rising costs of health claims, recommended changes to the health plan policy, including a ten-dollar monthly health premium contribution from teachers. The recommendation by the committee, which included a representative from Ector County TSTA, was unanimous. Ector County ISD adopted the recommendation in January 1999 and amended its policy to read: Athe District *shall contribute* toward health benefits premiums for individual employees who are on regularly assigned jobs for at least 20 hours a week.@ (Emphasis added.)

Before the amended health plan policy went into effect but in the middle of the contract year, the teachers received notification that they could either agree to the ten-dollar monthly contribution and retain major medical coverage or decline the contribution and receive only hospital indemnity coverage. Ector County ISD would contribute the remainder of the premium, including a forty-dollar increase per employee from the previous year. Appellants filed a grievance with the superintendent on the ground that asking teachers to contribute to the health premium reduced their salaries in the middle of the contract year and thus was a breach of contract.

The superintendent denied the grievance, and appellants appealed to the school board. The board held a hearing on the grievance, which it denied. Appellants appealed the board=s decision to the Commissioner of Education, who denied the appeal. Appellants then sought judicial review in district court, which affirmed the Commissioner=s decision. Appellants now seek reversal of the district court=s judgment.

**STANDARD OF REVIEW**

3

**A person aggrieved by an action of a decision of the Commissioner of Education may appeal to a district court in Travis County. Tex. Educ. Code Ann. ' 7.057(d) (West Supp. 2002). The parties agree that the correct standard of review** in an appeal under this statute is whether substantial evidence supports the Commissioner=s order. *See Texas Educ. Agency v. Goodrich Indep. Sch. Dist.*, **898 S.W.2d 954, 957 (Tex. App.C Austin 1995, writ denied). We must determine whether the evidence as a whole is such that reasonable minds could have reached the same conclusion as the agency in the disputed action.** *See id.* **We may not substitute our judgment for that of the agency and may only consider the record on which the agency based its decision.** *See id.*; *State v. Public Util. Comm=n*, **883 S.W.2d 190, 203 (Tex. 1994). The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency.** *Public Util. Comm=n*, **883 S.W.2d at 204. The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise.** *Id.*

## ANALYSIS

In their first issue, appellants contend that Ector County ISD breached the teachers= employment contracts by amending its health plan policy in the middle of the school year. Appellants argue that asking teachers to contribute to their own premium constituted a reduction in salary, which a school district cannot do after a teacher may no longer unilaterally resign from a contract. *See Bowman v. Lumberton Indep. Sch. Dist.*, 801 S.W.2d 883, 889 (Tex. 1990) (school district could not lower salary schedule after paying first month=s salary at previous year=s higher rate).

**4**

In determining whether Ector County ISD breached the employment contracts, we focus first on the language of the contracts. The contracts do not contain express language referring to Ector County ISD=s health plan policy. Appellants argue that two contract provisions implicate the policy. Because they argue that the health plan policy is part of a teacher=s salary, appellants first contend that the contract prohibits any reduction of the salary. The contracts provided that Ector County ISD would pay teachers an annual salary Aauthorized by the approved Ector County Independent School District Salary Schedule.@ A school district must pay its teachers according to the minimum state salary schedule but may adopt a higher, local salary schedule. *See* Tex. Educ. Code Ann. ' 21.402 (West Supp. 2002). A school district may not, however, adopt a policy amendment that has the effect of lowering a teacher=s salary schedule after the deadline for unilateral resignation; such a change would constitute a breach of contract. *Bowman*, 801 S.W.2d at 889.

Appellants argue that the change in health benefits was a reduction in salary and thus a breach of contract. But health benefits were not part of the contractually guaranteed salary schedule. The salary schedule clearly delineates between salary and payroll-deducted fringe benefits. Health benefits, along with forty other fringe benefits, appeared on a list separate from the salary schedule. One could compare Ector County ISD=s payment of the health benefits premium to a salary supplement. Although the contracts required Ector County ISD to pay its teachers according to a salary schedule, the school district did not have to pay any supplement above the salary schedule. *See Weslaco Fed=n of Teachers v. Texas Educ. Agency*, 27 S.W.3d 258, 265 (Tex. App.CAustin 2000, no pet.). Therefore, Ector County ISD

5

was not contractually bound under the salary schedule clause to pay all of a teacher=s health benefits premium.

Even if one construes the health benefits premium to be a part of the teachers= salary, the record does not support appellants= argument that the premium contribution change impermissibly reduced total compensation after the time for unilateral resignation had passed. Although appellants argue that there was a reduction in total compensation, those numbers do not appear in the record. Appellants= affidavits contain no supporting figures for their contention that the premium deduction caused a Anet decrease@ in salary.

We next turn to the second contract provision that appellants contend implicates the policy. Appellants conceded at oral argument that the only provision they allege was breached is in the local health plan policy, not specific language in the contract. They nevertheless argue that because contracts incorporate policies in effect at the time of contract formation, *see Perry v. Houston Indep. Sch. Dist.,* 902 S.W.2d 544, 547 (Tex. App.C Houston [1st Dist.] 1995, writ dism=d w.o.j.), Ector County ISD breached the contracts by changing the health plan policy after the school year began.

The second relevant provision of the contracts specified that the contracts were subject to local policies in effect at the time of the formation of the contracts, as well as policies amended or adopted during the life of the contracts. Relying on *Central Education Agency v. George West Independent School District*, 783 S.W.2d 200 (Tex. 1989), appellants contend that despite the policy amendment language in the contracts, the health plan policy change was an impermissible abrogation of a material term in the teachers= contracts. In that case, the school board voted not to renew a teacher=s contract because

**6**

she violated the district=s probationary policy, which did not exist until after the teacher=s contract went into effect. *Id.* at 201. The school board argued that it could implement the policy change because the teacher=s contract contained a provision for amendment of school policies during the contract term (similar to the policy amendment provision in Ector County ISD=s contracts). *Id*. at 202. The court held that, although the contract allowed for modification of school board policies, the board could not abrogate a material part of the contract by substituting something Aentirely different@ or conferring power to Adestroy the agreement,@ without committing a breach. *Id.* at 202. The probationary policy breached the teacher=s contract by abrogating material due process protections in place when the contract was formed. *Id.*

Here, Ector County ISD changed its policy from Ashall pay the health insurance premiums@ to Ashall contribute toward health benefits premiums.@ The effect was that the teachers had to pay ten dollars per month to retain their same coverage. Ector County ISD neither destroyed the health plan policy nor substituted something Aentirely different@; it merely modified a policy, as allowed under the terms of the contracts.

Ector County ISD urges that its action was authorized by a provision of the education code. *See* Tex. Educ. Code Ann. ' 22.005(c) (West 1996). We agree. The contract language notwithstanding, state law allowed Ector County ISD to amend its health plan policy. School districts must provide health benefits for their teachers and may do so under a self-funded plan, as Ector County ISD did. *See id.* '' 22.004(a), (b) & 22.005. The education code enables a school district to Aamend or cancel [a self-funded] health care plan at any regular or special meeting of the board.@ *Id.* ' 22.005(c). This statute, in effect at the time of the formation of the teachers= contracts, was incorporated into their contracts. *See George*

**7**

*West*, 783 S.W.2d at 202. Ector County ISD=s health plan, distributed to all teachers, followed the language of the statute. Under the plan, Ector County ISD had the right to Aamend, modify or terminate the plan in any manner, at any time, which may result in the termination or modification of [a teacher=s] coverage.@ Because school boards have Athe exclusive power and duty to govern and oversee the management of the public schools of the district,@ Tex. Educ. Code Ann. ' 11.151(b), Ector County ISD acted under statutory authority to amend the health plan policy. That action was not a breach of the teachers= contracts and further was authorized by statute.

School districts have great power in local management and control of their schools, which is a **primary and longstanding legislative policy evident throughout the education statutes.** *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 563 (Tex. 2000). Asking teachers to contribute ten dollars per month to cover the rising costs of health care is the kind of policy amendment that the contract allowed and the kind of local management flexibility that we believe the legislature contemplated.

We hold that the mid-year health plan policy revision did not breach the teachers= contracts. The contracts, while guaranteeing payment of salary under a salary schedule, made no such guarantee as to health benefits. The health plan policy revision, which the contracts permitted, did not impermissibly reduce the teachers= total compensation. Additionally, the education code allowed Ector County ISD to amend its self-funded health plan at any time. *See* Tex. Educ. Code Ann. ' 22.005(c). More importantly, the evidence substantially supports the Commissioner=s decision to deny the appeal. Accordingly, we overrule both of appellants= issues.

## CONCLUSION

Upon our review of the administrative record, we hold that substantial evidence supports the Commissioner=s decision. We further hold that Ector County ISD had authority to amend its health plan policy during the contract term. Having overruled appellants= issues, we affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed:   October 24, 2002

Do Not Publish

9