TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-02-00056-CV







Ector County TSTA/NEA and Bobbie Duncan, Appellants



v.



Felipe Alanis, Commissioner of Education (in his official capacity); and Ector

County Independent School District, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. GN003355, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING






 In this contract dispute, appellants Ector County TSTA/NEA (1) and teacher Bobbie
Duncan (collectively, "appellants") complain that appellee Ector County Independent School District
("Ector County ISD") breached its teacher employment contracts and exceeded its statutory authority
by amending its health plan policy during the contract period to allow for contribution by teachers.
After Ector County ISD denied their grievance, appellants filed an appeal with the Commissioner
of Education. The Commissioner found in favor of Ector County ISD, and appellants sought judicial
review of the Commissioner's decision in district court. The district court upheld the
Commissioner's decision, which appellants now challenge on appeal.

 In two issues, appellants challenge (1) whether Ector County ISD may amend its
health plan policy during the contract period and (2) whether the Commissioner's decision is
supported by substantial evidence. We hold that Ector County ISD did not breach its teacher
contracts and that the education code authorizes a school board to amend its self-funded plan during
the contract term to allow for teacher contribution. Because the Commissioner's decision is
supported by substantial evidence, we affirm the judgment of the district court.


BACKGROUND


 The facts in this case are not in dispute. For the 1998-99 school year, Ector County
ISD employed teachers under continuing, term, or probationary contracts, which went into effect at
the beginning of the school year. The contracts allowed teachers to resign up to forty-five days
before the first day of instruction (which in this instance would have been in July 1998) without
seeking school board approval. See Tex. Educ. Code Ann. §§ 21.105(a), .160(a), .210(a) (West
1996). Once this date passed, a teacher had to remain with the district for the school year or face
sanctions. See id. §§ 21.105(a), .160(a), .210(a).

 Ector County ISD provided statutorily required health benefits to its teachers through
a self-funded plan. At the beginning of the 1998-99 school year, Ector County ISD's local policy
was that it "shall pay the health insurance premiums for individual employees who are on regularly
assigned jobs for at least 20 hours a week." Under this policy, Ector County ISD paid all of a
teacher's individual health premium. In November 1998, Ector County ISD's employee benefits
study committee, presented with rising costs of health claims, recommended changes to the health
plan policy, including a ten-dollar monthly health premium contribution from teachers. The
recommendation by the committee, which included a representative from Ector County TSTA, was
unanimous. Ector County ISD adopted the recommendation in January 1999 and amended its policy
to read: "the District shall contribute toward health benefits premiums for individual employees
who are on regularly assigned jobs for at least 20 hours a week." (Emphasis added.)

 Before the amended health plan policy went into effect but in the middle of the
contract year, the teachers received notification that they could either agree to the ten-dollar monthly
contribution and retain major medical coverage or decline the contribution and receive only hospital
indemnity coverage. Ector County ISD would contribute the remainder of the premium, including
a forty-dollar increase per employee from the previous year. Appellants filed a grievance with the
superintendent on the ground that asking teachers to contribute to the health premium reduced their
salaries in the middle of the contract year and thus was a breach of contract.

 The superintendent denied the grievance, and appellants appealed to the school board. 
The board held a hearing on the grievance, which it denied. Appellants appealed the board's
decision to the Commissioner of Education, who denied the appeal. Appellants then sought judicial
review in district court, which affirmed the Commissioner's decision. Appellants now seek reversal
of the district court's judgment.


STANDARD OF REVIEW


 A person aggrieved by an action of a decision of the Commissioner of Education may
appeal to a district court in Travis County. Tex. Educ. Code Ann. § 7.057(d) (West Supp. 2002). 
The parties agree that the correct standard of review in an appeal under this statute is whether
substantial evidence supports the Commissioner's order. See Texas Educ. Agency v. Goodrich
Indep. Sch. Dist., 898 S.W.2d 954, 957 (Tex. App.--Austin 1995, writ denied). We must determine
whether the evidence as a whole is such that reasonable minds could have reached the same
conclusion as the agency in the disputed action. See id. We may not substitute our judgment for that
of the agency and may only consider the record on which the agency based its decision. See id.;
State v. Public Util. Comm'n, 883 S.W.2d 190, 203 (Tex. 1994). The true test is not whether the
agency reached the correct conclusion, but whether some reasonable basis exists in the record for
the action taken by the agency. Public Util. Comm'n, 883 S.W.2d at 204. The findings, inferences,
conclusions, and decisions of an administrative agency are presumed to be supported by substantial
evidence, and the burden is on the contestant to prove otherwise. Id.


ANALYSIS

 In their first issue, appellants contend that Ector County ISD breached the teachers'
employment contracts by amending its health plan policy in the middle of the school year. 
Appellants argue that asking teachers to contribute to their own premium constituted a reduction in
salary, which a school district cannot do after a teacher may no longer unilaterally resign from a
contract. See Bowman v. Lumberton Indep. Sch. Dist., 801 S.W.2d 883, 889 (Tex. 1990) (school
district could not lower salary schedule after paying first month's salary at previous year's higher
rate).

 In determining whether Ector County ISD breached the employment contracts, we
focus first on the language of the contracts. The contracts do not contain express language referring
to Ector County ISD's health plan policy. Appellants argue that two contract provisions implicate
the policy. Because they argue that the health plan policy is part of a teacher's salary, appellants first
contend that the contract prohibits any reduction of the salary. The contracts provided that Ector
County ISD would pay teachers an annual salary "authorized by the approved Ector County
Independent School District Salary Schedule." A school district must pay its teachers according to
the minimum state salary schedule but may adopt a higher, local salary schedule. See Tex. Educ.
Code Ann. § 21.402 (West Supp. 2002). A school district may not, however, adopt a policy
amendment that has the effect of lowering a teacher's salary schedule after the deadline for unilateral
resignation; such a change would constitute a breach of contract. Bowman, 801 S.W.2d at 889.

 Appellants argue that the change in health benefits was a reduction in salary and thus
a breach of contract. But health benefits were not part of the contractually guaranteed salary
schedule. The salary schedule clearly delineates between salary and payroll-deducted fringe benefits. 
Health benefits, along with forty other fringe benefits, appeared on a list separate from the salary
schedule. One could compare Ector County ISD's payment of the health benefits premium to a
salary supplement. Although the contracts required Ector County ISD to pay its teachers according
to a salary schedule, the school district did not have to pay any supplement above the salary schedule. 
See Weslaco Fed'n of Teachers v. Texas Educ. Agency, 27 S.W.3d 258, 265 (Tex. App.--Austin
2000, no pet.). Therefore, Ector County ISD was not contractually bound under the salary schedule
clause to pay all of a teacher's health benefits premium.

 Even if one construes the health benefits premium to be a part of the teachers' salary,
the record does not support appellants' argument that the premium contribution change
impermissibly reduced total compensation after the time for unilateral resignation had passed. 
Although appellants argue that there was a reduction in total compensation, those numbers do not
appear in the record. Appellants' affidavits contain no supporting figures for their contention that
the premium deduction caused a "net decrease" in salary.

 We next turn to the second contract provision that appellants contend implicates the
policy. Appellants conceded at oral argument that the only provision they allege was breached is in
the local health plan policy, not specific language in the contract. They nevertheless argue that
because contracts incorporate policies in effect at the time of contract formation, see Perry v.
Houston Indep. Sch. Dist., 902 S.W.2d 544, 547 (Tex. App.--Houston [1st Dist.] 1995, writ dism'd
w.o.j.), Ector County ISD breached the contracts by changing the health plan policy after the school
year began.

 The second relevant provision of the contracts specified that the contracts were
subject to local policies in effect at the time of the formation of the contracts, as well as policies
amended or adopted during the life of the contracts. Relying on Central Education Agency v.
George West Independent School District, 783 S.W.2d 200 (Tex. 1989), appellants contend that
despite the policy amendment language in the contracts, the health plan policy change was an
impermissible abrogation of a material term in the teachers' contracts. In that case, the school board
voted not to renew a teacher's contract because she violated the district's probationary policy, which
did not exist until after the teacher's contract went into effect. Id. at 201. The school board argued
that it could implement the policy change because the teacher's contract contained a provision for
amendment of school policies during the contract term (similar to the policy amendment provision
in Ector County ISD's contracts). Id. at 202. The court held that, although the contract allowed for
modification of school board policies, the board could not abrogate a material part of the contract
by substituting something "entirely different" or conferring power to "destroy the agreement,"
without committing a breach. Id. at 202. The probationary policy breached the teacher's contract
by abrogating material due process protections in place when the contract was formed. Id.

 Here, Ector County ISD changed its policy from "shall pay the health insurance
premiums" to "shall contribute toward health benefits premiums." The effect was that the teachers
had to pay ten dollars per month to retain their same coverage. Ector County ISD neither destroyed
the health plan policy nor substituted something "entirely different"; it merely modified a policy, as
allowed under the terms of the contracts.

 Ector County ISD urges that its action was authorized by a provision of the education
code. See Tex. Educ. Code Ann. § 22.005(c) (West 1996). We agree. The contract language
notwithstanding, state law allowed Ector County ISD to amend its health plan policy. School
districts must provide health benefits for their teachers and may do so under a self-funded plan, as
Ector County ISD did. See id. §§ 22.004(a), (b) & 22.005. The education code enables a school
district to "amend or cancel [a self-funded] health care plan at any regular or special meeting of the
board." Id. § 22.005(c). This statute, in effect at the time of the formation of the teachers' contracts,
was incorporated into their contracts. See George West, 783 S.W.2d at 202. Ector County ISD's
health plan, distributed to all teachers, followed the language of the statute. Under the plan, Ector
County ISD had the right to "amend, modify or terminate the plan in any manner, at any time, which
may result in the termination or modification of [a teacher's] coverage." Because school boards have
"the exclusive power and duty to govern and oversee the management of the public schools of the
district," Tex. Educ. Code Ann. § 11.151(b), Ector County ISD acted under statutory authority to
amend the health plan policy. That action was not a breach of the teachers' contracts and further was
authorized by statute.

 School districts have great power in local management and control of their schools,
which is a primary and longstanding legislative policy evident throughout the education statutes. 
Montgomery Indep. Sch. Dist. v. Davis, 34 S.W.3d 559, 563 (Tex. 2000). Asking teachers to
contribute ten dollars per month to cover the rising costs of health care is the kind of policy
amendment that the contract allowed and the kind of local management flexibility that we believe
the legislature contemplated.

 We hold that the mid-year health plan policy revision did not breach the teachers'
contracts. The contracts, while guaranteeing payment of salary under a salary schedule, made no
such guarantee as to health benefits. The health plan policy revision, which the contracts permitted,
did not impermissibly reduce the teachers' total compensation. Additionally, the education code
allowed Ector County ISD to amend its self-funded health plan at any time. See Tex. Educ. Code
Ann. § 22.005(c). More importantly, the evidence substantially supports the Commissioner's
decision to deny the appeal. Accordingly, we overrule both of appellants' issues.


CONCLUSION

 Upon our review of the administrative record, we hold that substantial evidence
supports the Commissioner's decision. We further hold that Ector County ISD had authority to
amend its health plan policy during the contract term. Having overruled appellants' issues, we affirm
the judgment of the district court.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: October 24, 2002

Do Not Publish

1. "TSTA/NEA" is the Texas State Teachers Association, which is affiliated with the National
Education Association.