# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00641-CV

### North East Independent School District, Appellant

### v.

### John Kelley; Commissioner of Education Robert Scott; and Texas Education Agency, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-06-001375, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## DISSENTING OPINION

I agree with the majority that the District is not barred from raising its complaints on appeal. However, I disagree with the majority's conclusion that requiring Kelley to attend graduation was a breach of contract. I would hold that appellees did not show that the work and salary schedules were incorporated into the contract by reference and, even if those items were the same materials referred to by the contract, Kelley contracted to work for ten months, rather than a specific number of days, and agreed that the District could amend the hours and dates of his work duties or assign additional duties as it saw fit. Therefore, I respectfully dissent.

Kelley's contract with the District stated that he would "be employed on a 10-month basis for the school year 2000-01, according to the hours and dates set by the district as they exist or may hereafter be amended." The District and Kelley contracted that Kelley would be paid "according to the compensation plan adopted by the Board." Appellees point to the "2000-2001 School Work Schedule" and the ""Teacher Salary Schedule 2000-2001" found on the District's

website as being the items referred to in Kelley's contract, and the majority states that the separate documents were incorporated by reference but provides no explanation for this conclusion.

A separate, unsigned document may be incorporated by reference into a contract when the contract "plainly refers to the incorporated document." *Tribble & Stephens Co. v. RGM Constructors, L.P.*, 154 S.W.3d 639, 663 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *see Teal Const. Co. v. Darren Casey Interests, Inc.*, 46 S.W.3d 417, 420 (Tex. App.—Austin 2001, pet. denied) (citing *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex. 1968)) ("The specific language used [to incorporate a document by reference] is not important so long as the contract signed by the defendant plainly refers to another writing."). Kelley's contract refers to "hours and dates set by the district as they exist or may hereafter be amended" and to "the compensation plan adopted by the Board." Neither of these descriptions "plainly refers" to the "2000-2001 School Work Schedule" or the "Teacher Salary Schedule 2000-2001" found on the District's website, and the District insists that those items "were merely administrative materials published at the beginning of the school year" and were not approved by the Board or intended to modify or clarify the District's employment contracts. Appellees did not present evidence or testimony showing that the website materials were the same items referenced in the contract. Because they did not establish that the "Teacher Salary Schedule" and "2000-2001 School Work Schedule" were the documents referred to in the contract, the majority errs in concluding that those items were incorporated by reference into the contract.

Furthermore, as observed by the majority, we are to interpret the contract by looking to its clear and unambiguous language and trying to discern the parties' intent. *See MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999). The contract's plain language states that Kelley was to work for ten months, according to the District's set hours and days, both

2

of which were expressly made subject to change. Based on Kelley's start date, his ten-month term of employment ran from August 7, 2000, to June 7, 2001. Indeed, in his testimony at his Level III hearing, Kelley himself agreed that, although he originally believed he was signing a contract for a set number of days, he had since come to realize he had signed a contract for a ten-month term of employment. Graduation was on June 7, within Kelley's term of employment. The contract provided that Kelley was subject to assignment of "additional duties . . . *at any time during the contract term.*" (Emphasis added.) Although the school calendar found on the District's website stated that it was based on the statutory minimum of 187 days,[1] the District amended the calendar when the assistant superintendent required teachers to attend graduation. That amendment was during the contract term and in accordance with the contract's provisions. *See Central Educ. Agency v. George West Indep. Sch. Dist.*, 783 S.W.2d 200, 202 (Tex. 1990) (op. on reh'g). Because the contract provided not once but twice that Kelley's dates of service were subject to amendment and because graduation fell within the contractual ten-month employment term, the graduation requirement did not violate the District's contract with Kelley.

As for the argument that requiring Kelley to attend graduation reduced his compensation, teachers are salaried employees.[2] As such, they are not subject to an hourly or daily wage calculation unless they work fewer than the statutorily required 187 days or are required to work days beyond their contractual employment terms. In other words, Kelley contracted to work for ten months under a "compensation plan adopted by the Board." The contract stated that his

---

[1] Tex. Educ. Code Ann. § 21.401 (West Supp. 2010).

[2] *See id.* § 21.402 (West Supp. 2010) (explaining minimum salary schedule for teachers).

salary compensated him for "any assigned duties, responsibilities, and tasks, except as provided in the District's supplemental duty schedule." Graduation fell within the contractual term and was not part of the supplemental duty schedule, and the District's mandate to attend did not reduce Kelley's salary for ten months of employment. Even if I assume that the "Teacher Salary Schedule" is the "compensation plan adopted by the Board" referenced in the contract, Kelley was contractually entitled to receive $39,182 for working ten months. Because he received that salary and was not required to work days outside of his term of employment, his compensation was not reduced.

I believe that the parties' intention, as expressly stated in Kelley's contract, required him to work for ten months on the days and hours required by the District. As a salaried employee, Kelley was paid a set salary for those ten months' of work, not for specific days or hours of work. Graduation fell within Kelley's term of employment, and thus the District was within its authority to require Kelley's attendance. Based on the administrative record presented to the Commissioner and reviewed by the trial court, I would hold that both the Commissioner and the trial court erred, albeit for different reasons, and that the clear meaning of the contract required Kelley to attend graduation when informed of that requirement by his employer. For these reasons, I respectfully dissent from the majority's opinion affirming the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Filed: December 9, 2010