TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00641-CV



North East Independent School District, Appellant

v.

John Kelley; Commissioner of Education Robert Scott; and Texas Education Agency,
Appellees




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-06-001375, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING


 
D I S S E N T I N G O P I N I O N

                        I agree with the majority that the District is not barred from raising its complaints on
appeal. However, I disagree with the majority’s conclusion that requiring Kelley to attend
graduation was a breach of contract. I would hold that appellees did not show that the work and
salary schedules were incorporated into the contract by reference and, even if those items were the
same materials referred to by the contract, Kelley contracted to work for ten months, rather than a
specific number of days, and agreed that the District could amend the hours and dates of his work
duties or assign additional duties as it saw fit. Therefore, I respectfully dissent.
                        Kelley’s contract with the District stated that he would “be employed on a 10-month
basis for the school year 2000-01, according to the hours and dates set by the district as they exist
or may hereafter be amended.” The District and Kelley contracted that Kelley would be paid
“according to the compensation plan adopted by the Board.” Appellees point to the “2000-2001
School Work Schedule” and the “”Teacher Salary Schedule 2000-2001” found on the District’s
website as being the items referred to in Kelley’s contract, and the majority states that the separate
documents were incorporated by reference but provides no explanation for this conclusion. 
                        A separate, unsigned document may be incorporated by reference into a contract when
the contract “plainly refers to the incorporated document.” Tribble & Stephens Co. v. RGM
Constructors, L.P., 154 S.W.3d 639, 663 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); see
Teal Const. Co. v. Darren Casey Interests, Inc., 46 S.W.3d 417, 420 (Tex. App.—Austin 2001, pet.
denied) (citing Owen v. Hendricks, 433 S.W.2d 164, 166 (Tex. 1968)) (“The specific language used
[to incorporate a document by reference] is not important so long as the contract signed by the
defendant plainly refers to another writing.”). Kelley’s contract refers to “hours and dates set by the
district as they exist or may hereafter be amended” and to “the compensation plan adopted by the
Board.” Neither of these descriptions “plainly refers” to the “2000-2001 School Work Schedule”
or the “Teacher Salary Schedule 2000-2001” found on the District’s website, and the District insists
that those items “were merely administrative materials published at the beginning of the school year”
and were not approved by the Board or intended to modify or clarify the District’s employment
contracts. Appellees did not present evidence or testimony showing that the website materials were
the same items referenced in the contract. Because they did not establish that the “Teacher Salary
Schedule” and “2000-2001 School Work Schedule” were the documents referred to in the contract,
the majority errs in concluding that those items were incorporated by reference into the contract.
                        Furthermore, as observed by the majority, we are to interpret the contract by looking
to its clear and unambiguous language and trying to discern the parties’ intent. See MCI Telecomms.
Corp. v. Texas Utils. Elec. Co., 995 S.W.2d 647, 650-51 (Tex. 1999). The contract’s plain language
states that Kelley was to work for ten months, according to the District’s set hours and days, both
of which were expressly made subject to change. Based on Kelley’s start date, his ten-month term
of employment ran from August 7, 2000, to June 7, 2001. Indeed, in his testimony at his Level III
hearing, Kelley himself agreed that, although he originally believed he was signing a contract for a
set number of days, he had since come to realize he had signed a contract for a ten-month term of
employment. Graduation was on June 7, within Kelley’s term of employment. The contract
provided that Kelley was subject to assignment of “additional duties . . . at any time during the
contract term.” (Emphasis added.) Although the school calendar found on the District’s website
stated that it was based on the statutory minimum of 187 days,


 the District amended the calendar
when the assistant superintendent required teachers to attend graduation. That amendment was
during the contract term and in accordance with the contract’s provisions. See Central Educ. Agency
v. George West Indep. Sch. Dist., 783 S.W.2d 200, 202 (Tex. 1990) (op. on reh’g). Because the
contract provided not once but twice that Kelley’s dates of service were subject to amendment and
because graduation fell within the contractual ten-month employment term, the graduation
requirement did not violate the District’s contract with Kelley. 
                        As for the argument that requiring Kelley to attend graduation reduced his
compensation, teachers are salaried employees.


 As such, they are not subject to an hourly or daily
wage calculation unless they work fewer than the statutorily required 187 days or are required to
work days beyond their contractual employment terms. In other words, Kelley contracted to work
for ten months under a “compensation plan adopted by the Board.” The contract stated that his
salary compensated him for “any assigned duties, responsibilities, and tasks, except as provided in
the District’s supplemental duty schedule.” Graduation fell within the contractual term and was not
part of the supplemental duty schedule, and the District’s mandate to attend did not reduce Kelley’s
salary for ten months of employment. Even if I assume that the “Teacher Salary Schedule” is the
“compensation plan adopted by the Board” referenced in the contract, Kelley was contractually
entitled to receive $39,182 for working ten months. Because he received that salary and was not
required to work days outside of his term of employment, his compensation was not reduced.
                        I believe that the parties’ intention, as expressly stated in Kelley’s contract, required
him to work for ten months on the days and hours required by the District. As a salaried employee,
Kelley was paid a set salary for those ten months’ of work, not for specific days or hours of work. 
Graduation fell within Kelley’s term of employment, and thus the District was within its authority
to require Kelley’s attendance. Based on the administrative record presented to the Commissioner
and reviewed by the trial court, I would hold that both the Commissioner and the trial court erred,
albeit for different reasons, and that the clear meaning of the contract required Kelley to attend
graduation when informed of that requirement by his employer. For these reasons, I respectfully
dissent from the majority’s opinion affirming the trial court’s judgment.
 
                                                                        __________________________________________
                                                                        David Puryear, Justice
Before Chief Justice Jones, Justices Puryear and Pemberton
Filed: December 9, 2010